**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS | ) | CIVIL NO. 2005/0164 |
| | ) | |
| Plaintiff, | ) | ACTION FOR DAMAGES |
| vs. | ) | |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO HERTZ CORPORATION'S MOTION TO TRANSFER DUE TO FORUM NONCONVIENS**

Defendant The Hertz Corporation (hereinafter "Hertz Corp."), hereby replies to Plaintiff's opposition to Hertz Corp.'s motion to transfer due to forum nonconveniens.

In addition to the fact that none of the material witnesses or evidence related to Plaintiff's complaint do not have any connection to the Virgin Islands, Defendant has provided all of the documentation necessary to meet the burden of proof in support of its motion to transfer.

**DEFENDANT HAS PROPERLY SUPPORTED ITS MOTION TO TRANSFER**

Contrary to Plaintiff's assertion, Defendant has in fact provided the evidentiary proof necessary to support its motion to transfer in accordance with the Third Circuit Court of Appeals rationale in *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 & n.2 (3d Cir. 1973). The procedural difficulty in *Plum Tree* was because "there was not evidence before the District Court upon which it could base a finding that a transfer order was justified." *Id.* In *Plum Tree* the Court explained that 'evidence' could have been a brief in support or any

other document containing information showing that transfer would be appropriate. *Id.* at 757.

> Examples of such documents would be a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate.

*Id* at 756, n.2. In the matter *sub judice* Defendant provided memorandum of law in support of its motion to transfer which contained the identities of necessary witnesses - the person whose property was damaged, the three police officers responding to the scene and Plaintiff's parents, whose house Plaintiff went to immediately after the accident – all of whom are not agents or employees of Defendant and whom the 100 mile subpoena power cannot compel their presence in the Virgin Islands. Defendant also attached to its memorandum the State of Rhode Island Uniform Traffic Accident Report of the accident at issue (exhibit 1), the Hertz vehicle accident report form completed by Plaintiff (exhibit 4), the vehicle inspection report of Defendant's expert engineer (exhibit 5), and the affidavit of Defendant Staff Vice-President and Deputy General Counsel regarding Defendant's business and the difficulty that would be created by defending against a suit in the Virgin Islands (exhibit 6). Clearly, Defendant has provided the types of documents considered as sufficient by the *Plum Tree* Court. Thus, Defendant's motion is well supported by legitimate evidence and is appropriate for consideration by this Court.

It should also be noted that in *Plum Tree* the motion to transfer was vacated without prejudice to allow defendant to renew the motion to transfer with additional documents on

remand. 488 F.2d at 757, *citing, Aamco Automatic Transmissions, Inc. v. Hagenbarth*, 296 F.Supp. 1142 (E.D. Pa. 1968). In *Aamco* the court made sure to note that "because of the potential unfairness inherent to defendant in litigating in a distant forum, however, our denial will be without prejudice to his filing additional affidavits within in ten (10) days so that we can consider the motion 'in the interest of justice.' " 296 F.Supp. at 1144.

Plaintiff's reliance on *In re United States,* 273 F. 3d 380 (3d Cir. 2001), is also misplaced as it too is clearly distinguishable from the matter *sub judice*. First, *In re United States* is a criminal matter dealing with a writ of mandamus; and as such, inherently involves the potential deprivation of one's liberty. The matter herein is civil and will in no way potentially deprive Plaintiff of his liberty. Second, the government, the party opposing the *re United States* transfer, did not get to respond at all, by opposition motion or otherwise, before the court granted the transfer motion. In the instant matter, Plaintiff opposition to Defendant's transfer motion is presently before the Court.

Importantly, there is absolutely nothing in *Plum Tree* or *In re United States* that requires a defendant to prove financial hardship or whether or not relevant documents can be shipped to the inconvenient forum as support for a transfer request. And as Plaintiff is well aware, the vehicle at issue has been maintained at a Hertz facility in Rhode Island. *See,* **Exhibit "1"**. In addition, Defendant need not attest to the availability of witnesses as all of the witnesses identified by Defendant substantively material to Plaintiff's allegations and are outside of the 100 mile subpoena power of the District Court of the Virgin Islands. *See, Jackson v. Executive Airlines, Inc.*, 2001 U.S. Dist. LEXIS 8004, *12 (D.V.I. 2001), *citing,* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE 15 §3851 (2d ed. 1986). Whereas the only relevant

information possessed by the witnesses identified by Plaintiff relate to solely to extent of Plaintiff's alleged physical, emotional and pecuniary injuries. And, according to the Court in *Dickson & Thermac Corp., Ltd. v. Hertz Corp. Corp*. 559 F.Supp. 1169, 19 V.I. 501, 507 (D. V.I. 1983), none of Plaintiff's alleged injuries can be considered to have occurred in the Virgin Islands, even though they can be measured here.

Further, and most notably, Plaintiff's claim that there are false recitations in Richard McEvily's affidavit is completely without merit and a complete mischaracterization of his sworn statements. In truth and in actuality, Mr. McEvily stated that Defendant Hertz Corporation does not do any business or have any offices in the Virgin Islands; he did not say that Defendant "had no business connections to the Virgin Islands" as purported by Plaintiff. *See*, Plaintiff's Opposition to Renewed Motion to Transfer pg.6. A business connection could be any type of relationship wherein consideration is given in exchange for a service. For example, Defendant clearly has a "business connection" with the undersigned and the law firm that she is employed. But that connection/relationship is completely immaterial to the legal considerations for a motion to transfer.

By the same token, Defendant's franchise agreements are completely irrelevant to inconvenience that this forum represents. As taught in the most basic of introduction to business classes, by their very nature a franchise business is independently owned and operated, and while it pays a fee for the use of a brand name a franchise is not considered a subsidiary of the franchise. Defendant cannot tell its franchisee to make its offices available to it or otherwise govern the use of the franchisee's independently owned/leased facilities. Most significantly, Defendant is not arguing or refuting the jurisdiction of this Court or claiming that it does not have sufficient minimum contacts for this Court to assert jurisdiction.

Rather, Defendant is simply stating that the Virgin Islands is an inconvenient forum for the maintenance of this action as 1) the accident at issue occurred in Rhode Island, 2) the real property damaged and the vehicle itself, with related books and documents, are in Rhode Island, 3) all of the liability witness – including three police officers and the independent expert engineer – are all located in or near Rhode Island and 4) Rhode Island law applies to the claims and defenses of the parties.

**PLAINTIFF'S CHOICE OF FORUM IS NOT PARAMOUNT**

"In the exercise of its authority to transfer 'for the convenience of parties and witnesses, in the interest of justice' a district court under §1404(a) has a broader discretion than under the formerly applicable doctrine of forum non conveniens." *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1046 (3d Cir. 1973), *citing, Norwood v.Kirkpatrick*, 349 U.S. 29 (1955). In *Solomon* the Court found that "[w]eighing in favor of transfer is the amenability of at least seven crucial witnesses to compulsory process" (pursuant to Fed. R. Civ.P. 45(e)) in the district where transfer was sought and not in plaintiff's choice of forum, that "the situs of the accident" was in the transfer forum and "a viewing of the situs by the trier of fact may be appropriate." *Id.* at 1047. Such is also the case at bar.

The Solomon Court also held that "the convenience of counsel is not a factor to be considered." *Id., citing, Chicago Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.), *cert. denied*. 340 U.S. 822 (1955), *see also, L.C. Baron, Inc. v. H.G. Caspari, Inc.*, 678 F.Supp. 100, 103-04 (E.D. Pa. 1987) (the location of plaintiff's lawyer is to be accorded little weight, if any.), *Rolling Valley Plaza, Inc. v. Combined Properties Corp.*¸ 1985 U.S. Dist. LEXIS 21305.

Although the plaintiff's residence in *Solomon* weighed against transfer, "by no discernable standard could we hold that its grant in these circumstances was such an abuse of discretion as to be beyond the district court's authority or outside its jurisdiction." 472 F.2d at 1046. As further recognized in *Brown v. Woodring* 174 F. Supp. 640 (M.D. Pa. 1959), although consideration must be given to plaintiff's choice of forum. 'Defendant's mandatory margin for victory need not be an overwhelming one.' *Id., quoting, Paragon-Revolute Corp. v, C.F. Pease Co.,* 120 F.Supp. 488, 491 (D. Del. 1954). "A court should not hesitate to disturb plaintiff's choice of forum if the three statutory factors dictate transfer." *Id.,* citing, *General Felt Products Co. v. Allen Industries Inc.*, 120 F.Supp. 491, 493 (D. Del 1954). As the Court explained further, "[t]he controlling conveniences and justice factors are to be applied to both litigants in their relationship to each of the two forums . . . The privilege of selecting a forum continues to play a part in deciding transfer motions *but it should not be cast in the leading role.* The ultimate inquiry is where trial will best serve the convenience of the parties, the witnesses and the ends of justice; to find that forum in which inconveniences of all parties and witnesses may be at an irreducible minimum. *Id.*

The court's analysis in the balance of factors "is flexible and turns on the particular facts of the case." *Jacobs v. Cedar Mill Farms*, 1999 U.S. Dist. LEXIS 21296 (D. N.J. 1999),*6, *citing* *National Property Investors VIII v. Shell Oil Co.,*917 F. Supp. 324, 326 (D.N.J. 1995). The factors to be considered by the court were categorized in *Ricoh Company, Ltd. v. Honeywell, Inc.,* 817 F. Supp. 473, 479 (D. N.J. 1993):

> One category includes factors relating to the so-called "private interests" of the parties in the context of the litigation: the plaintiff's choice of forum, the ease of access to sources of proof, availability of

> compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, obstacles to a fair trial and the possibility of a jury view of the premises. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct, 839 (1947).
>
> The other category consists of the "public interest" in the administration of the courts and the adjudication of cases: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home and familiarity of the forum court with the applicable law. *Id.* at 508-509.

While it's true that the Plaintiff's choice of forum is not to be lightly disturbed, it should be afforded less weight when "the central facts of the action occurred outside the chosen forum." 1999 U.S. Dist. LEXIS 21296 at *7, *citing, Nat'l Property Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, 327 (D. N.J. 1995).

In conclusion, and as recognized by the Virgin Islands District Court in *Burt v. General Accident Insurance Co.,* 2003 WL 23413622 (D.V.I 2003), "[T]ransfer may be denied when the witnesses, although in another district, are within the 100-mile reach of the subpoena power or when they are employees of a party and their presence can be obtained by that party." *Id* at *2, *citing,* Wright, Miller, and Cooper. Here, Plaintiff's witnesses are his employees and family members whereas Defendant's material liability witnesses are <u>outside</u> of the 100 mile subpoena power of this Court. Notably, unlike the accident in *General Accident*, the accident it issue in this matter did not occur in the Virgin Islands.

WHEREFORE Defendant Hertz Corporation, respectfully requests that Plaintiff's complaint be transferred to the District of Rhode Island.

Respectfully submitted,
LAW OFFICES OF DOUGLAS CAPDEVILLE, P.C.
*Attorneys for Defendant Hertz Corporation*

DATED: June____, 2007

/s *Chetema Lucas Francis*

**CHETEMA LUCAS FRANCIS, ESQUIRE**
P.O. Box 224191
Christiansted, St. Croix
U.S. Virgin Islands 00822
(340) 773-7275

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER DUE TO FORUM NONCONVIENS to be hand delivered to *Lee J. Rohn, Esq.*, 1101 King Street, Christiansted, St. Croix 00820 on this day of June 2007.