**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS, Plaintiff, | ) | CIVIL NO. 2005/164 F/C |
| v. | ) | |
| THE HERTZ CORPORATION, Defendant. | ) | **ACTION FOR DAMAGES** |
| | ) | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPEAL FROM MAGISTRATE'S ORDER DATED JUNE 26, 2007**

**COMES NOW** Plaintiff, through undersigned counsel, and hereby respectfully files this Memorandum of Law in support of Plaintiff's Appeal of the Magistrate's June 26, 2007 Order granting Defendant's Renewed Motion to Transfer this case to the District Court of Rhode Island. The Magistrate Judge's Order is erroneous and contrary to law because it failed to recognize that the primary concern in balancing the factors for a transfer is that a Plaintiff's choice of forum is paramount and should rarely be disturbed. Defendant Hertz's Renewed Motion to Transfer did not offer the kind of evidence required by the Third Circuit to show why Rhode Island would be a more convenient forum for this case than St. Croix, especially since the Plaintiff and his witnesses all reside in St. Croix. Because the Magistrate's Order of June 26, 2007 failed to give the required weight to the Plaintiff's choice of forum, the Order should be vacated.

## I. RELEVANT FACTS

On or about May 7, 2005, Plaintiff rented a vehicle from Defendant Hertz Corporation in Massachusetts. *See* Amended Complaint at ¶ 4, attached to Pl's Opp to Renewed Motion to Transfer as **Exhibit 1**. The vehicle was in a defective condition with a faulty rear axle. *Id.* at ¶ 5.

**LAW OFFICES OF**
**Rohn &**
**Cameron, LLC**
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

Although Hertz knew or should have known of the dangerous condition of the vehicle, Hertz failed to warn Plaintiff of the defect at the time he rented it from the agent in Massachusetts. *Id.* at ¶¶ 6 - 7.

On or about May 11, 2005, while driving the vehicle in Rhode Island, the rear axle came off and Plaintiff lost control of the vehicle. *Id.* at ¶¶ 8 – 9. Plaintiff hit several mailboxes, and was thrown about the vehicle. *Id.* As a result, he suffered physical injuries, medical expenses, loss of income, mental anguish and other related injuries. Id. at ¶ 10.

Plaintiff resides in the Virgin Islands and upon returning from the States, he has been under the care of a local neurologist as well as physical therapists, who are treating him for his injuries. *See* Affidavit of Lee J. Rohn, attached to Pl's Opp. to Renewed Motion to Transfer as **Exhibit 2**. Plaintiff has been unable to work or engage in activities as he did before the accident. *Id.*

Plaintiff cannot afford to go to Rhode Island for pre-trial matters or for trial, nor can he afford to pay the travel expenses of his witnesses to attend trial in Rhode Island. *See* Affidavit of David Kendricks, attached to Pl's Opp. to Renewed Motion to Transfer as **Exhibit 3**. Furthermore, a review of the parties' voluntary disclosures indicates that there are no other eyewitnesses to the accident besides the Plaintiff himself. *See* Defendant's and Plaintiff's Voluntary Disclosures, attached to Pl's Opp to renewed Motion as **Exhibits 4** and **5.** In addition, other than the three officers who responded to the scene of the accident and the Plaintiff's parents, only one other witness resides in Rhode Island. Plaintiff's parents are willing to come to St. Croix to testify and Defendant has not offered any affidavits or testimony that the officers are unwilling to travel to St. Croix to testify in this case. The majority of the Plaintiff's

witnesses, including his treating physicians, live on St. Croix, while the claims adjuster and defense expert reside in Missouri and Connecticut respectively.

## II. PROCEDURAL HISTORY

On May 17, 2006, the Magistrate Judge granted the Defendant Hertz's Motion to Transfer this case to the District Court of Rhode Island. Plaintiff appealed that Order and on October 30, 2006, the District Court Judge Finch vacated the Magistrate Order finding that the Defendant had failed to support its Motion for Transfer with "documents containing facts that would tend to establish the necessary elements of a transfer . . . "See Judge Finch's Order of October 30, 2006 at p. 2, attached hereto as **Exhibit 1**.

Defendant field a renewed Motion to Transfer, attaching six exhibits and an additional exhibit in its Reply. Of those exhibits, the ones that the Magistrate found relevant for its decision to transfer were: 1) the Rhode Island Uniform Accident Report; 2) Hertz Vehicle Accident Report; 3) Report from Hertz's Professional Engineer O. John Zamparo; 4) Affidavit of Richard P. McEvily, Hertz's Legal Counsel; and 5) Letter to Plaintiff's counsel advising that the vehicle was in Rhode Island. *See* Magistrate Order of June 26, 2007 at p. 3, attached hereto as **Exhibit 2**.

## III. LEGAL ANALYSIS

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule of Civil Procedure 72.1, a party may seek review of a Magistrate Judge's order by appealing to the District Court within ten days after being served with a copy of the order. *Nyfield v. V.I. Tel. Corp.*, 2002 U.S. Dist. LEXIS 1955, 2-3 (D.V.I. 2002).

Upon appeal, the District Court should "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." LRCi 72.1(b)(3); Fed. R. Civ. Proc. 72; 28 U.S.C. § 636(b)(1)(A) (non-dispositive matters may be handled by magistrate judge and reconsidered by district court); *see also Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 248-50 (3d Cir. 1998); *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 341 (3d Cir. 1987).

Accordingly, the district court must review findings of fact by the clearly erroneous standard, and, as to matters of law, the district court must give plenary review. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *see also* Rule 72(a).

In this case, the Magistrate's June 26, 2007 Order was clearly erroneous and contrary to law as it failed to give any weight at all to the Plaintiff's choice of forum as required by the United States Supreme Court and the Third Circuit. The factors that the Magistrate did consider in deciding to transfer the case are either irrelevant or not supported by any evidence. Indeed, Defendant has not offered any evidence that strongly tips the balance of factors in Defendant's favor as required by law. Thus, as it did in its October 30, 2006 Order, this Court should vacate the Magistrate's Order of June 26, 2007 and find that this case should remain in this District Court of the Virgin Islands.

### B. The Plaintiff's Choice of Forum is Paramount and the Magistrate Judge Failed to Give This Factor Any Weight, thereby Erroneously Weighing the Factors in Favor of Transfer of Venue Under 28 U.S.C. § 1404(a)

Nowhere in the June 26, 2007 decision is Plaintiff's choice of forum even mentioned in weighing the factors for a transfer. *See* **Exhibit 2**. Indeed, the Magistrate Judge erroneously considers all factors in Defendant's favor, even the ones that Defendant failed to supply

evidence of, yet did not once consider the convenience of this forum to Plaintiff. **Exhibit 2**. For this reason alone, the Magistrate's Order is contrary to law.

When ruling on a 28 U.S.C. § 1404(a) motion to transfer, the court must engage in a case-by-case consideration of convenience and fairness. *See Stewart v. Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239 (1988); 15 Wright, Miller & Cooper § 3847. While § 1404 gives the district courts discretion to decide a motion to transfer, "**such motions are not to be liberally granted**." *Id.* (emphasis added)*; Shutte v. Armco Steel Corp*., 431 F.2d 22, 25 (3rd Cir. 1970); *Remick v. Manfredy*, 138 F. Supp. 2d 652, 654 (D. Pa. 2001). Most courts have used the "private interest" and "public interest" factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839 (1947) and its companion case, *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947) to determine if a transfer is proper. S*ee also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (U.S. 1981).

1. Private Interests

The **most significant factor is Plaintiff's choice of forum**, which is typically given great weight and should not be disturbed unless **clearly outweighed** by other considerations. *Gulf Oil*, 330 U.S. at 508 ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); *Koster, supra*, at 524; *Time v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)("the plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed"); *see also* Wright, Miller & Cooper § 3848 (discussing emphasis courts place on plaintiff's choice of forum). Thus, the defendant must meet "a fairly heavy burden with respect to forum transfer." *Remick v. Manfredy*, 138 F. Supp. 2d 652, 654-655 (D.

Pa. 2001). This is particularly true when the plaintiff's choice of forum is also the plaintiff's home district or when the choice of forum relates to plaintiff's legitimate and rational concerns. *Id.* (plaintiff's home forum is entitled to "substantial deference"). In *Koster*, the Supreme Court stated that "[in] any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." 330 U.S., at 524; *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (U.S. 1981). The plaintiff's choice of forum merits less weight only where the plaintiff chooses a forum which is neither his home *nor* the situs of the occurrence upon which the suit is based. *Remick, supra*.

In this case, the Magistrate Judge utterly failed to mention or consider the great weight that must be accorded to Plaintiff's choice of forum in balancing the factors for a transfer. *See* **Exhibit 2** at pp. 4 - 7. Indeed, the Magistrate's "Discussion" of the facts and evidence is bereft of any mention that this district is Plaintiff's home forum and that the law requires the court to find that the other factors heavily weigh in favor of a transfer. *See* Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473 (D.N.J. 1993) (plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. That choice is "entitled to greater deference" when a plaintiff chooses its home forum); *Sandvik, Inc. v. Continental Ins. Co.*, 724 F. Supp. 303 (D.N.J. 1989); *Market Transition Facility v. Twena*, 941 F. Supp. 462, 467 (D.N.J. 1996); *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996) ("In deciding transfers under § 1404(a), courts ... generally assign the plaintiff's choice of forum significant weight."); Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F. Supp. 1244, 1246 (D.N.J. 1994).

Because the Magistrate's Order did not give ***any*** weight to the Plaintiff's choice of forum, which is also his home district, the Order of June 26, 2007 is contrary to law and must be

vacated. *See* Lacey v. Cessna Aircraft Co., 862 F.2d 38, 45 (3d Cir. 1988)(A plaintiff's choice of forum is considered to be presumptively correct); *Hudson United Bank v. Chase Manhattan Bank, NA,* 832 F. Supp. 881, 888 (D.N.J. 1993)(same).

The Magistrate ignored the Plaintiff's Affidavit explaining that the majority of his witnesses reside in his home district of St. Croix and that he would not be able to pursue this litigation if the case was transferred stateside to Rhode Island. *See* **Exhibit 3** to Plaintiff's Opposition to Renewed Motion to Transfer. Essentially, the Magistrate failed to give Plaintiff's highly esteemed choice the great emphasis the law mandates. *Gulf Oil*, 330 U.S. at 508. Thus, the June 26, 2007 Order erroneously "disturbed" Plaintiff's choice of forum by transferring the case to Rhode Island in contravention of the well-settled law. *Id.*

Indeed, the Magistrate Judge improperly gave significant weight to the private interests of the Defendant, such as the inconvenience of the Defendant. The Supreme Court made clear that mere inconvenience to the defendant is not sufficient to warrant changing the location of the suit. *Van Dusen v. Barrack*, 376 U.S. 612, 634, 84 S. Ct. 805 (1964). Nor is a transfer warranted if the effect is merely to shift the inconvenience from one side to the other. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992). It is undisputed that Plaintiff would not only be inconvenienced severely by the transfer, but would be unduly prejudiced as he would be unable to pursue his claims for personal injuries against Defendant Hertz. *See* **Exhibit 3**, attached to Pl's Opposition to Renewed Motion to Transfer. Defendant, Hertz, as a corporate entity doing business in the U.S. Virgin Islands, is not more inconvenienced by traveling to St. Croix to defend this action. Moreover, Defendant's Renewed Motion was devoid of any affidavits attesting to any purported inconvenience. Thus, the convenience of Defendant does not outweigh the inconvenience to Plaintiff.

The Magistrate also ignored the fact that the Defendant bears "a heavy burden" to establish a transfer. *See* *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970), *cert. denied,* 401 U.S. 910, 27 L. Ed. 2d 808, 91 S. Ct. 871 (1971)*; Remick v. Manfredy*, 138 F. Supp. 2d 652, 654-655 (D. Pa. 2001). Thus, the Magistrate was **required by law to abide by Plaintiff's choice of forum** unless Hertz could show, which it failed to do, that the remaining six factors enumerated in *Gulf Oil* ***strongly*** indicates that transfer would be appropriate. *Id.*

The *Gulf Oil* factors are:

(1) plaintiff's **choice of forum;**

(2) relative ease of access to sources of proof;

(3) availability of compulsory process for attendance;

(4) cost of attendance of willing witnesses;

(5) possibility of viewing premises where necessary;

(6) practical problems that make trial of a case easy, expeditious, and inexpensive; and

(7) public interest factors, such as choice of law, relationship of the courts and jurors to the case, and relative congestion of court dockets.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839 (1947)

In analyzing the remaining six factors, the Magistrate placed inappropriate weight on Hertz's contention that "the location of the incident was Rhode Island." **Exhibit 2** at p. 4 – 5. First of all, courts routinely have denied motions to transfer in car accident cases where the plaintiff brings suit in a forum other than where the car accident occurred. *See Coleman v. State Farm Mut. Auto. Ins. Co.*, 2004 U.S. Dist. LEXIS 5873 (D. Del. 2004) (court denied transfer motion where plaintiff was citizen of Delaware and brought suit in his home forum even

though car accident occurred in Maryland and contract of insurance was entered into in Maryland with the understanding that Maryland law would apply); *see also Kurzke v. Nissan Motor Corp. in U.S.A.*, 164 N.J. 159 (N.J. 2000).

In *Coleman*, the Court, in denying the transfer, pointed out that the Plaintiff had chosen a legitimate pace to bring suit since he and his treating physicians were all located in Delaware along with all his medical documents. *Id.* In *Kurzke*, the plaintiffs and the decedent subsequently moved overseas and were involved in a car accident in Germany, which resulted in decedents' demise. Plaintiffs then filed a products liability lawsuit in New Jersey. Defendants moved to dismiss based on the doctrine of forum non conveniens. The trial court granted the motion, the first-level appellate court affirmed, and the Supreme Court of New Jersey reversed finding that the motion was premature and that the defendant had yet to begin discovery and, as a result, its claims that discovery would be difficult and witnesses would not voluntarily testify were conclusory and speculative. *Kurzke v. Nissan Motor Corp. in U.S.A.*, 164 N.J. 159 (N.J. 2000). The Court relied on the long-standing legal precept that the plaintiff's choice of forum should rarely be disturbed.

The same is true in this case. Hertz has not offered anything but conclusory and speculative claims that this suit would be more convenient in Rhode Island.

Second, the Magistrate ignored the Amended Complaint, which clearly shows this is not a simple car accident case. This lawsuit revolves around an issue of product liability and failure to warn. *See* Amended Complaint, attached to Pl's Opp to Renewed Motion to Transfer as **Exhibit 1**. Plaintiff is claiming that Hertz rented him a defective vehicle and failed to warn him of its defects and that he was injured as a result of the dangerous condition of the rental car. *See id.* Only one part of Plaintiff's claim occurred in Rhode Island—the actual accident in which

Hertz's car malfunctioned and Plaintiff was injured. *Id.* However, most of the conduct complained of in this case occurred in Massachusetts, not in Rhode Island—the rental car agreement was entered into in Massachusetts, the vehicle was picked up from Defendant Hertz in Massachusetts; and Defendant's failure to warn Plaintiff happened in Massachusetts. In addition, any maintenance or lack thereof of the vehicle would have occurred in Massachusetts before Plaintiff rented the car. Thus, any reliance by the Magistrate on the allegation that most of the conduct occurred in Rhode Island is misguided and requires setting aside.

Even if "none of key events or omissions underlying the claim occurred in the forum selected," this factor, standing alone, "does not command dispositive weight." *De Lage Landen Fin. Servs.*, 2000 U.S. Dist. LEXIS 15505 (E.D. Pa. 2000) (refusing to grant transfer of venue to Central District of California even though the pertinent events and omissions occurred in California); *Koken v. Lexington Ins. Co.*, 2004 U.S. Dist. LEXIS 22192 (D. Pa. 2004).

A third private factor Courts consider in motions to transfer is the convenience of key witnesses. The Court must consider whether key fact witnesses will suffer substantial inconvenience if the court denies transfer. *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000). The defendant is required to state why the present forum is inconvenient for the key witnesses and why the proposed forum is more convenient. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (3d Cir. 1973). The party seeking transfer cannot simply make a general allegation that witnesses will be necessary, but instead must specify the identity and location of potential witnesses and provide a general description of their testimony. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966); *Laumann Mfg. Corp. v. Castings USA*, 913 F. Supp. 712, 720 (E.D. N.Y. 1996). This Hertz utterly failed to do as noted by the Magistrate himself in the Order of June 26, 2007. *See* **Exhibit 2** at p. 5 – 6. The Magistrate Judge noted

that Hertz failed as required by law to provide "a list of names and addresses of witnesses . . .the moving party plans to call, affidavits showing the materiality of the matter to which these witnesses will testify and the costs of travel for these witnesses." *See* **Exhibit 2** at p. 5 - 6. Hertz's failure to provide support for this factor renders it adverse for a transfer; however, the Magistrate wrongly weighed this factor in Hertz's favor.

Even if Hertz had shown, which it did not, that there is an additional burden to the witnesses in traveling to St. Croix, that burden may be insufficient to outweigh the plaintiff's right to his choice of forum. *See, e.g., Mohamed*, 90 F. Supp.2d at 776 (additional 150 miles "negligible"); *Leesona Corp. v. Duplan Corp.*, 317 F. Supp. 290, 300 (D. R. I. 1970) (additional 200 miles insignificant in terms of extra time or cost); *Crystal Semiconductor Corp. v. OPTi, Inc.*, 44 U.S. P.Q. 2d 1497, 1504 (W.D. Tex. 1997) ("measly three-hour plane ride" insufficient to justify transfer). In addition, the courts are clear that the "convenience of defense witnesses is given less weight if the defendant is a transportation company and can easily transport witnesses." *Szabo v. CSX Transp., Inc.*, 2006 U.S. Dist. LEXIS 3862 (D. Pa. 2006) (denying transfer).

In this case, the Magistrate did not even evaluate who the alleged key witnesses would be and how or why they would be inconvenienced. Nor did the Order show why their inconvenience was so compelling as to weigh more favorably than Plaintiff's right to choose his forum and the complete inability of Plaintiff's key witnesses to travel to Rhode Island. Nothing in the evidence supplied by Hertz showed any inconvenience to Defendant's witnesses in traveling to the Virgin Islands to testify. Thus, the Magistrate was wrong to weigh this factor in favor of transfer. Transactional costs associated with obtaining witnesses in one court as opposed to another are not a sufficient basis for a transfer unless the costs are substantial.

*See Bevil v. Smit Americas, Inc.*, 883 F. Supp. 168, 171 (S.D. Tex. 1995) (rare that the "chosen forum is the least expensive venue for every individual affiliated with the dispute").

Hertz failed to provide affidavits or any evidence from any witnesses attesting to their refusal to travel to St. Croix for trial. The Magistrate also acknowledged that Hertz's provided almost no support for its argument that witnesses would be inconvenienced. Indeed, the Magistrate states that "[a]lthough Hertz does not set aside a list of witnesses in affidavits as mentioned above, Hertz's mentioning **of 'probable' witnesses** in its brief makes its case for transfer a close one on this point." *See* **Exhibit 2** at p. 6 (emphasis added). The Magistrate erred by ruling this point a close one for transfer since it is clear that Hertz failed to meet its burden to show that this factor weighs in its favor at all. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (3d Cir. 1973); *see also Lowery v. Great Lakes Dredge & Dock Co.*, 2001 U.S. Dist. LEXIS 10165 (D. Pa. 2001)(denying transfer)( Defendant has not asserted that its witnesses are unwilling to testify in Philadelphia, nor has Defendant specified the subject matter of their testimony, nor the cost of obtaining their testimony in this district). Moreover, any witnesses who are Hertz employees "carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998). In sum, the Magistrate improperly focused only on Hertz's allegation that the witnesses are in Rhode Island, without considering that under the law Hertz must establish the witnesses' materiality, their inconvenience and their travel costs in order to warrant weighing this factor in favor of transfer.

Another factor for consideration of a transfer is the accessibility and location of sources of proof. However, the defendant must identify particular documents that are not located in the

present forum and show why they are important and more accessible in the proposed forum. Defendant must establish that the documents are particularly bulky or difficult to transport. *See Scheidt v. Klein*, 956 F. 2d 963, 966 (10th Cir. 1992). Access to documents has been given decreased emphasis due to advances in technology. *Mohamed*, 90 F. Supp. 2d at 779.

In the instant matter, Defendant Hertz failed to show why it could not transport any relevant documents to this forum and the Magistrate recognized that there was no reason why the documents could not be transferred to the Virgin Islands for trial. *See* **Exhibit 2** at p. 6.

The Order, however, wrongly found that because the vehicle at issue was being kept in Rhode Island for inspection purposes, this factor would weigh in favor of transfer. First, the location of the vehicle has no bearing on where the trial will be held. Both parties will be hiring expert witnesses to examine and inspect the vehicle and the location of the expert witnesses has never been a factor in considering whether to transfer a case. *See* Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998). It is well-settled that expert witnesses or witnesses who are retained by a party to testify carry little weight in determining where the "balance of convenience" lies because they "are usually selected [on the basis] of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." *Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co.*, 99 F. Supp. 503, 505 (D. Del. 1951); *see also Roller Bearing Co. of America v. Bearings, Inc.*, 260 F. Supp. 639, 640 (E.D. Pa. 1966) (citing *Nocona Leather Goods Co. v. A.G. Spalding & Bros.,* 159 F. Supp. 269, 270-271 (D. Del. 1957)). Thus, the Magistrate erred by giving any weight to the location of the car.

Furthermore, it is indeed rare that the jury would have to go to the site of the accident in a case such as this. Any evidence that may be relevant regarding marks on the street or the

location and appearance of the mailboxes which Plaintiff hit after the axle came off his Hertz rental car can be photographed and presented to the jury as in any other case involving a vehicular accident. Thus, it was error for the Magistrate to give any weight to Defendant's conclusory allegation that there was documentary evidence and property damage which could only be viewed in Rhode Island.

2. Public Interests

With regard to the public interest factors, the Magistrate Judge failed to consider that the Plaintiff will be gravely prejudiced by a transfer to Rhode Island as he would be unable to pursue his claims for personal injury in that forum. The Magistrate Judge wrongfully did not consider Plaintiff's Affidavit attesting that he would be unable to finance the cost of a lawsuit in Rhode Island, especially since he is suffering from injuries received in the accident with Hertz's rental car. On the other hand, Defendant did not provide any evidence that it would suffer any prejudice if the case remained in St. Croix.

The Magistrate also failed to properly consider the Virgin Islands' interest in adjudicating this controversy. This forum, Plaintiff's home district, has a strong interest in ascertaining that its citizens are able to seek justice for wrongs inflicted upon them outside the Territory. The Magistrate erred when he gave weight to Rhode Island's public interest "in resolving issues occurring in Rhode Island." **Exhibit 2** at p. 6.

The product liability issues occurred at the time and place Plaintiff rented the vehicle, which was in Massachusetts, not Rhode Island. *See* Amended Complaint. Thus, although the situs of the accident occurred in Rhode Island, this case is about a rental vehicle that was in a defective condition at the time Plaintiff rented it in Massachusetts. Defendant's failure to warn him of the rental car's defects happened at the time he rented it in Massachusetts. *Id.* Thus,

the product liability issues did not occur in Rhode Island, but in Massachusetts. *Id.* Furthermore, the paperwork related to Plaintiff's rental of the vehicle should be in Massachusetts. Consequently, there is no interest in resolving product liability issues occurring in Rhode Island and the Magistrate Judge erred when he weighed that factor in Defendant's favor. In *Plum Tree,* the Court held that "the mere fact that the alleged breach would have occurred in the Southern District of Texas does not by itself justify a transfer of venue." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 (3d Cir. 1973).

The Supreme Court in *Gulf Oil* noted that courts may consider the local interest in adjudicating localized controversies and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil*, 330 U.S. at 509. However, this case does not involve a Rhode Island controversy. If a local Rhode Island citizen was suing Hertz Corporation for damage done to the citizen's property as a result of the accident, then there would be a localized controversy involving a local citizen and local property. But here, the car was rented in Massachusetts, the rental agreement was entered into in Massachusetts and the failure by Defendant to inspect the car and to warn Plaintiff occurred in Massachusetts. *See* Amended Complaint. Plaintiff resides in St. Croix and is being treated for his injuries in St. Croix. If the case is transferred to Rhode Island, Plaintiff cannot pursue his claim. In *Local Towing, Inc. v. Comm'r of Pub. Works/Gov't of the V.I.*, 2003 U.S. Dist. LEXIS 24522 (D.V.I. 2003), the plaintiff moved to transfer his case. The District Court held that if "trial in the contractual forum will be so gravely difficult and inconvenient that plaintiff will for all practical purposes be deprived of his day in court" then transfer will be allowed. *Id.* The same should be conversely true. If the Plaintiff here would be deprived of his day in Court should the case be transferred to the state of Rhode Island, then the transfer should be denied.

Given these important considerations, which are set forth in Plaintiff's affidavit, the Virgin Islands has a far greater interest in resolving Plaintiff's personal injury lawsuit than Rhode Island does.

Another factor for consideration in a motion to transfer is the state law that will govern in diversity cases. However, this factor should not be given great weight in deciding a motion to transfer, especially if the applicable state law appears to be clear. *See, e.g., Sorrels Steel Co. v. Great Southwest Corp.*, 651 F. Supp. 623, 630 (S.D. Miss. 1986) (defendants did not contend that the applicable law was unclear or difficult to apply); *see also Emrick v.* Ford, 800 F. Supp. 482, 484 (E.D. Tex. 1992) (court believed it was "educable" on the applicable state law). Furthermore, a district court must disregard this factor if it is not clear which state's law will apply. *See Vandeveld v. Christroph*, 877 F. Supp. 1160, 1169 (N.D. Ill. 1995).

In this case, the Magistrate Judge ruled that Rhode Island's law would apply without any analysis of the issue. Even if Rhode Island's laws apply to the case, Hertz did not argue that it was unclear or difficult for this Court to apply Rhode Island's law. Thus, the Magistrate erred by giving this factor undue weight and balancing the factors in Defendant's favor.

The Defendant Hertz Corporation has indisputably failed to carry out its burden to justify transfer under the *Gulf Oil* factors. The Magistrate clearly erred by weighing factors inappropriately in Defendant's favor without any proof to support the transfer. And, more importantly, the Magistrate erred by failing to weigh Plaintiff's choice of forum as a paramount concern in this analysis. Moreover, the interests of justice would be best served if the case remained here in the Virgin Islands as Plaintiff cannot afford to litigate this case in Rhode Island. Defendant has made no such claim about defending the case in St. Croix. Accordingly, the Court should vacate the Magistrate's Order of June 26, 2007. *See Plum Tree, Inc. v.*

*Stockment*, 488 F.2d 754, 756-57 & n.2 (3d Cir. 1973) (reversing district court's transfer order because defendants had not submitted any evidence to support the transfer from the petitioner's choice of forum); *see also Simon v. Ward*, 80 F. Supp. 2d 464 (E.D. Pa. 2000) (finding that defendants failed to provide any evidence of factors in support of transfer).

In *Plum Tree*, the Third Circuit gave examples of evidence that would have been appropriate, such as "a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify." *Id.* at 757. Also, the Court cited appropriate evidence as "statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 (3d Cir. 1973). Since the defendant in *Plum Tree* had not provided any such evidentiary support, the Third Circuit vacated the district court's decision to transfer the case to the defendant's chosen forum. *Id.; see also In re United States*, 273 F.3d 380 (3d Cir. 2001).

The case of *In re United States*, 273 F.3d 380 (3d Cir. 2001) is instructive because, like the defendant in *Plum Tree*, the party requesting transfer, did not present "affidavits, depositions, [or] stipulations," to warrant a transfer. *Id.* (citing *Plum Tree*, 488 F.2d at 756). Moreover, the District Court did not hold a hearing concerning the motion to transfer at which the moving party had the burden to establish the appropriateness of transfer and the government had the opportunity to respond to the arguments for transfer. *In re United States*, 273 F.3d 380, 386-387 (3d Cir. 2001). The Third Circuit expressed concern that the district court may not have recognized that the burden is on the defendant to show the factors favor a

transfer. *Id.* The Court considered that if the district court was unaware that the burden to show reasons for the transfer was on the defendant, then the misconception would be serious enough to warrant mandamus. *Id.* The Court remanded the case to the district court because there was nothing in the record or in the decision to indicate that the defendant carried its burden of proof to demonstrate the factors favored transfer. *Id.* The Court reasoned that "the burden of proof is often the determinative factor in a discretionary decision, particularly in one where the factors may be closely balanced." *Id.* The Court noted that the defendant had neither identified nor produced affidavits, documents, stipulations or other evidence to show relevant activities took place in the new forum or that it would be physically burdensome for her to be tried in the original forum. *See In re United States*, 273 F.3d 380, 389 (3d Cir. 2001).

In this case, this is Hertz's second bite of the apple toward transferring the case to Rhode Island and Hertz still failed to supply any of the kind of documentation ordered by the Third Circuit to support a proper motion to transfer. Although the Magistrate mentioned certain factors, there was no analysis of any evidence to support weighing them in Defendant's favor. Contrary to law, the Magistrate's decision did not even consider the Plaintiff's affidavit attesting to the fact that if the case is transferred stateside, he would be unable to pursue his claims because of the cost of litigating in a forum far from his home district. Accordingly, for the same reasons the Third Circuit vacated or remanded the rulings in *Plum Tree* and *In re United States,* this Court should vacate the Magistrate's Order of June 26, 2007 with prejudice.

RESPECTFULLY SUBMITTED
LAW OFFICES OF ROHN AND CAMERON, LLC
Attorneys for Plaintiff

DATED: July 11, 2007

BY: s/ Lee J. Rohn

Lee J. Rohn
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
Fax: (340) 773-2954

**CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on July 11, 2007, I electronically filed the foregoing **Memorandum Of Law In Support Of Plaintiff's Appeal From Magistrate's Order Dated June 26, 2007** with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Chetema Lucas Francis, Esquire
Law Offices of Douglas Capdeville, P.C.
2107 Company Street
St. Croix, VI 00820
*Attorney For: Hertz Corporation*

BY: ____s/ V. Bullock_______________

**LAW OFFICES OF**
**Rohn &**
**Cameron, LLC**
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 2005/164 F/C |
| | ) | |
| v. | ) | |
| | ) | **ACTION FOR DAMAGES** |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

**ORDER**

**THIS MATTER** having come before the Court on Plaintiff's **Memorandum Of Law In Support Of Plaintiff's Appeal From Magistrate's Order Dated June 26, 2007** dated July __, 2007, and the Court having been advised in it premises, it is;

**ORDERED** that Plaintiff's Motion is **GRANTED**, and the Magistrate's Order of June 26, 2007 is hereby vacated with prejudice.

**SO ORDERED** this _________ day of ____________________________ 2007.

________________________________
U.S. Magistrate Judge of the District Court