**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS | ) | CIVIL NO. 2005/0164 |
| | ) | |
| Plaintiff, | ) | ACTION FOR DAMAGES |
| vs. | ) | |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO PLAINTIFF'S APPEAL FROM MAGISTRATE'S ORDER DATED MAY 17, 2006 TRANSFERRING THE CASE TO THE DISTRICT COURT OF RHODE ISLAND**

Defendant The Hertz Corporation (hereinafter "Hertz Corp."), hereby opposes Plaintiff's appeal from the Magistrate's Order dated June 26, 2007 transferring the case to the District Court of Rhode Island. The Magistrate Judge's June26, 2007 Order is not erroneous or contrary to law; but rather, completely supported by the law of this jurisdiction and the circumstances of this case. As further support of this opposition, Defendant states as follows:

**FACTS**

Plaintiff rented a 2004 Chevrolet automobile from Hertz Corp. at Logan International Airport in Boston, Massachusetts on May 7, 2005. While driving the same vehicle in the State of Rhode Island, Plaintiff was involved in a motor vehicle accident on May 11, 2005. *See*, Plaintiff's Complaint ¶8. The accident occurred at approximately 1:00 am and was a single vehicle accident that consisted of Plaintiff running off the road and colliding with a mailbox. *See,* State of Rhode Island Uniform Accident Report, **Exhibit"1"**. Three Rhode Island police officers from Tiverton responded to the accident scene. Officer Brian Galvin

investigated the scene, spoke with Plaintiff and the various property owners and prepared the police report. Plaintiff admitted to Officer Galvin that he fell asleep and stated that he was not injured. Officer Luis Farias provided Plaintiff with a ride to his parent's home at 39 Saxony Ave., Triverton, Rhode Island after Plaintiff refused medical treatment.

Although none of the activity associated with Plaintiff's renting of the vehicle from Hertz Corp., or the subsequent accident of May 11th, has any association to the Virgin Islands or St. Croix, Plaintiff nonetheless filed this action in the District Court of the Virgin Islands, Division of St. Croix on October 31, 2005.

## LEGAL ANALYSIS

The Magistrate's finding that the Virgin Islands is an inconvenient forum is supported by the law of this jurisdiction. Title 28, U.S.C. §1404(a) states:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."

In this Territory, the party seeking to transfer an action to a different forum bears the burden of establishing by a preponderance of evidence that the transfer is necessary. *In re Charles Schwab & Co. Sec. Litig.*, 41 V.I. 422 (D.V.I. 1999). The decision whether to transfer an action rests in the sound discretion of the trial court "appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another." *Fortay v. University of Miami*, 1994 U.S. Dist. LEXIS 1865, (D.N.J. 1994), (citing *Lony v. E.I. Dupont de Nemours & Co.*, 886 F.2d 6228, 6232 (3d. Cir. 1989)).

Even though Plaintiffs filed suit in the District Court of St. Croix, and in a transfer determination a plaintiff's choice of forum is generally given deference, that consideration

alone is not controlling. *Godfrey v. Int'l Moving Consultants, Inc.,* V.I. 498, 516 (D. V.I. 1980). *See also, Jacobs v. Cedar Mill Farms,* 1999 U.S. Dist. LEXIS 21296 at *7, (a plaintiff's choice of forum should be afforded less weight when "the central facts of the action occurred outside the chosen forum.")( attached as "**Exhibit "2"**") *citing, Nat'l Property Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, 327 (D. N.J. 1995). The factors to be considered by the court were categorized in *Ricoh Company, Ltd. v. Honeywell, Inc.,* 817 F. Supp. 473, 479 (D. N.J. 1993):

> One category includes factors relating to the so-called "private interests" of the parties in the context of the litigation: the plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, obstacles to a fair trial and the possibility of a jury view of the premises. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct, 839 (1947).
>
> The other category consists of the "public interest" in the administration of the courts and the adjudication of cases: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home and familiarity of the forum court with the applicable law. *Id.* at 508-509.

In considering factors of private and public interest in determining the equities of a motion to transfer, the U.S Court of Appeals for the Third Circuit has set forth the following relevant factors for private interest:

1. the relative ease of access to sources of proof;
2. the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses;
3. *the possibility of view of premises, if view would be appropriate to the action;*
4. all other practical considerations that make trial of a case easy, expeditious and inexpensive.

*Lony*, 935 F.2d at 609 (emphasis added).

These private factors were analyzed in *Fairway Village, et al. v. Continental Insurance Co., et al.* Civil No. 1990-101 (D.V.I. 1994), wherein Judge Stanley S. Brotman granted a motion to transfer to the Division of St. Thomas-St. John from the Division of St. Croix being that the subject property was located on St. Thomas. Additionally, the Court found that the majority of fact witnesses, the defendant and plaintiff all resided on St. Thomas. The Court further ruled that St. Thomas was more convenient for the witnesses, as opposed to flying them to St. Croix for trial. The documentary evidence was located on St. Thomas, and it made no sense in Judge Brotman's mind for a St. Croix jury panel and necessary Court personnel to fly to St. Thomas to view the subject property.

The same rationale is applicable to the instant matter. Given Plaintiff's current allegations of defect and negligent maintenance of the vehicle and his statement to the police officer at the time of the incident that he fell asleep, Defendant anticipates that inspections of the accident scene will be necessary throughout the discovery process and that it may also be necessary for the jury to view the accident scene at the appropriate time. There will also need to be inspections of the vehicle as Plaintiff now claims that the vehicle had a faulty rear axle (*see*, Plaintiff's Complaint ¶5), even though the police report indicates that the only damage to the vehicle was the front passenger tire.

With respect to the public interest factor, Judge Brotman considered the "relationship of the St. Croix community to which the Court and jurors are required to serve, to the occurrences that give rise to the litigation", and resolved the issue in favor of transferring the case from St. Croix. Civil No. 1990-101 (D.V.I. 1994).

In the case *sub judice*, the citizens of Rhode Island have a larger stake in the just and fair resolution of this case, as the incident alleged occurred there and the damaged property is

situated there. Plaintiff ran off the road in Rhode Island while driving a vehicle he rented in Massachusetts from Defendant, a Delaware corporation. And, although Plaintiff's admittedly negligent driving (he admitted falling asleep to the investigating police officer) resulted in damage to the property of others, none of that property was/is situated in the Virgin Islands. *See*, Plaintiff's Complaint ¶9 and the State of Rhode Island Uniform Accident Report, **Exhibit "1"**. Additionally, as discussed in more detail *infra*, all of the fact witnesses, i.e. investigating police officers, property owners, mechanics, etc., reside in Rhode Island. As such, it will be very difficult, if not unduly burdensome and cost prohibitive (i.e,, airfare, hotel, food, etc.) to have each of these witnesses present in the Virgin Islands for trial.

**1. The Magistrate's Order Was Not Contrary to Law**

As recognized by the Hon. Judge Raymond Finch in *Kressen v. Federal Ins. Co., et al.*, 122 F.Supp.2d 582, 588 (D. V.I. 2000) "[s]ection 1404(a) of Title 28 of the United States Code was drafted to allow a transfer upon a lesser showing of inconvenience than the showing required for dismissal under the doctrine of forum non conveniens", (emphasis added), *citing*, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) and *Schoen v. Mountain Products Corp.*, 170 F.2d 707, 714 (3d Cir. 1948). *See also*, Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction* §3828 (1976) (when another federal court is the more convenient forum the case can be transferred and there is no need for dismissal).

Nevertheless, Judge Finch determined that "in deciding a §1404 transfer motion, the Court relies on the same factors applicable to a determination of whether dismissal is appropriate. *Id.*, *citing*, *Norwood*, 349 U.S. at 32. These factors are:

1. plaintiff's choice of forum;
2. defendant's preference;
3. where the claim arose;

4. convenience to the parties;
5. convenience to the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;
6. location of the books and records;
7. practical considerations that could make the trial easier, more expeditious, or less expensive;
8. congestion of possible fora; and
9. the familiarity of the trial judge with the applicable state law in diversity cases.

*Id* at 589, *citing*, *BABN Tech. Corp. v. Bruno*, 25 F.Supp. 2d 593, 598 (E.D. Pa. 1998) (*citing*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)).

Obviously, Plaintiff's chosen forum is the Virgin Islands. However, Defendant prefers Rhode Island. The remaining factors however, clearly weigh in favor of transfer to Rhode Island. By Plaintiff's own admission, the claim arose in Rhode Island. All of the witnesses to the accident scene, including three police officers[1] and the resident whose property was damaged, are located in or within the subpoena power of Rhode Island.

As the Court explained in *Jackson v. Executive Airlines, Inc.*, 2001 U.S. Dist. LEXIS 8004, (D.V.I. 2001), a witness's convenience is not as important as having their live testimony at trial. As such, consideration must be given to the 100 mile reach of the subpoena power and whether or not the witnesses are employees of a party and their presence can be obtained by that party. *Jackson* at *12, (**Exhibit "3"**), *citing*, CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE 15 §3851 (2d ed. 1986).

As provided in Defendant's Rule 26 disclosures, the three police officers responding to Plaintiff's accident scene did so in their capacity with the Tiverton, Rhode Island Police

[1] Officer Galvin is now a Trooper with the Massachusetts State Police, but is within a 100 mile radius of Rhode Island.

Department. Officer Brian Galvin investigated the scene, spoke with Plaintiff and the various property owners and prepared the police report. Officer Michael Barboza responded to accident scene, has knowledge of the property damage and the damage to the vehicle driven by Plaintiff and Plaintiff's refusal for medical transport to hospital. Officer Luis Farias also responded to accident scene and provided Plaintiff with a ride to his parent's home at 39 Saxony Ave., Triverton, Rhode Island after Plaintiff refused medical treatment. These police officers are crucial witnesses and their knowledge of the accident scene, Plaintiff's admissions and demeanor and condition of Plaintiff's vehicle cannot be substituted with a retained liability expert. The resident whose property was damaged by Plaintiff was also at the scene and has knowledge of Plaintiff's demeanor at the time of the accident and damage to the vehicle driven by Plaintiff. None of these persons are employees of either Plaintiff or Defendant, and a Virgin Islands subpoena cannot compel their presence to testify at trial.

Conversely, with the exception of his medical care providers, all of the witnesses identified by Plaintiff's Rule 26 disclosures are either his employees or family members. As such, Plaintiff is fully able to obtain the testimony of all of his purported witnesses without the need of a subpoena.

Transferring this matter to Rhode Island will also decrease the economic burden of the litigation. There are numerous depositions that need to be taken, *to wit:* the three police officers, the property owner, Plaintiff's parents, Defendant's employees and expert engineer will all have to be taken in Rhode Island. Also, an inspection of the accident scene is necessary for the defense as Plaintiff claims that the rear axel fell off the vehicle prior to his collision. Had the rear axel actually fallen off the vehicle prior to Plaintiff's collision, there would be notable gashes, indentations and crevices in the roadway from the axel dragging the

ground. An expert examination of the accident scene will determine whether or not these indicators are present. Further, Defendant does not maintain any offices or places of business in the U.S. Virgin Islands, does not maintain any bank accounts in the U.S. Virgin Islands nor does it own, lease or rent any real or personal property in the U.S. Virgin Islands. *See,* Affidavit of Defendant's Staff Vice-President and Deputy General Counsel Richard McEvily, "**Exhibit 4**". Noticeably, these depositions and inspections would be more convenient and less expensive, by precluding repeated travel by counsel from the Virgin Islands to Rhode Island, if the matter were transferred to the District Court of Rhode Island. Also, all of the books, records and documents relating to the vehicle driven by Plaintiff are located in Defendant's facilities near or about Rhode Island. The only contact between the Virgin Islands and the incident giving rise to his Complaint is Plaintiff's claimed Virgin Islands residency.

Moreover, the injuries alleged by Plaintiff cannot even be considered to have occurred within the Virgin Islands. As plainly alleged by Plaintiff in paragraph 8 of his complaint, the accident giving rise to this matter occurred "while Plaintiff was driving the vehicle in Rhode Island . . ." and not in the Virgin Islands. As such, the automobile crash and resultant property damage that gave rise to Plaintiff's Complaint occurred in Rhode Island, not in the Virgin Islands. Plaintiff's alleged emotional and pecuniary injuries cannot be said to have occurred in the Virgin Islands even though they may have been endured and/or measured in the territory. *See, Dickson & Thermac Corp., Ltd. v. Hertz Corp. Corp*. 559 F.Supp. 1169, 19 V.I. 501, 507 (D. V.I. 1983). Therefore, it cannot be said that Hertz Corp. caused an injury within this forum.

*Dickson & Thermac Corp., Ltd. v. Hertz Corp.* was a matter very similar to the one at bar. Like Plaintiff herein, plaintiffs Dickson and Thermac Corp. were Virgin Islands residents who filed suit in the Virgin Islands based upon an incident that occurred entirely in Florida. Although Judge Christian determined that Hertz Corp. had sufficient minimum contacts with this jurisdiction based upon its licensing agreements with affiliates in the jurisdiction permitted a finding of jurisdiction, he also recognized that due process should also consider reasonableness and convenience. Accordingly, Judge Christian denied without prejudice defendant's motion to dismiss for inconvenient forum to permit defendants to file a motion for change of venue.

The last, and perhaps most important factor to be considered, is the trial judge's knowledge and familiarity with the state law to be applied. "In diversity cases, in which state law provides the substantive rules, there is thought to be advantage in having it applied by federal judges who are familiar with the state law, and thus in trying the case in a district of the state whose law is to govern." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, 15 §3854 (2d ed. 1986). Also, it is well established that in a diversity case, federal courts are required to apply the conflict of law principles of the forum state. *Klaxon Co v. Stentor Electrical Mfg. Co.*, 313 U.S. 487 (1941). As this matter is presently in the District Court of the Virgin Islands, Virgin Islands choice of law principles will determine whether Rhode Island or Virgin Islands law applies in resolving Plaintiff's substantive claims. Pursuant to 1 V.I.C. §4, the Virgin Islands looks to the Restatement of Laws to resolve choice of law questions. RESTATEMENT (2D) CONFLICT OF LAWS §146 (1971) provides:

> In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect t the particular issue, some other state has a mores significant relationship under the principles stated in §6 to the occurrence and the parties, in which event the local law of the other state will be applied.

In determining whether some other state has a "more significant relationship", a variety of contacts are considered. Courts consider "the place where the injury occurred, the place where the conduct causing injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties centered." *Benjamin v. Eastern Airlines, Inc.*, 18 V.I. 516, 520 (D. V.I. 1981) *citing*, RESTATEMENT (2D) CONFLICT OF LAWS §145 (1971).

In *Benjamin v. Eastern Airlines, Inc.*, the incident giving rise to the plaintiffs' complaint occurred in Puerto Rico, but their chosen forum was the Virgin Islands. In determining that Puerto Rican substantive law should apply, the court recognized that Puerto Rico was the place where plaintiff were personally injured, Puerto Rico was the place where defendant's alleged negligent conduct occurred, the relationship between defendant and plaintiffs was centered in Puerto Rico as that was the only place of contact between defendant and plaintiff, defendant was neither a Puerto Rican or Virgin Islands corporation and the only exclusive contact the Virgin Islands had with the action was the residency of plaintiffs. 18 V.I. at 520.

In the matter herein, the accident and Plaintiff's alleged injury occurred in Rhode Island. In addition, Plaintiff's rental agreement with Defendant, executed in Boston, Massachusetts, provided that Plaintiff would return the vehicle to Defendant's facility in Rhode Island. Further, Defendant is a Delaware corporation with its principal place of

business in New Jersey and, contrary to Plaintiff's assertion, does not conduct or transact business in the Virgin Islands[2]. The Virgin Islands' only association to this matter is Plaintiff's residency. Therefore, as the District Court of the Virgin Islands recognized in *Jackson v. Executive Airlines, Inc.*, "when the only exclusive contact the Virgin Islands has with the action is the residency of the plaintiffs, . . . this contact is not enough to warrant the application of Virgin Islands substantive law." 2001 U.S. Dist. LEXIS 8004, *15 (D. V.I. 2001), (emphasis added). Accordingly, the law of Rhode Island should be applied in this matter; this further weighs in favor of transferring the case to Rhode Island where the trial judge will be more knowledgeable and familiar with Rhode Island law.

**2. The Magistrate Properly Weighed the Transfer of Venue Factors**

The court's analysis in the balance of factors "is flexible and turns on the particular facts of the case." *Jacobs v. Cedar Mill Farms*, 1999 U.S. Dist. LEXIS 21296 (D. N.J. 1999),*6, *citing National Property Investors VIII v. Shell Oil Co.,*917 F. Supp. 324, 326 (D.N.J. 1995). The factors to be considered by the court were categorized in *Ricoh Company, Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D. N.J. 1993):

> One category includes factors relating to the so-called "private interests" of the parties in the context of the litigation: the plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, obstacles to a fair trial and the possibility of a jury view of the premises. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct, 839 (1947).
>
> The other category consists of the "public interest" in the administration of the courts and the adjudication of cases: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in

[2] As recognized by the District Court of the Virgin Islands in *Dickson & Thermac Corp. v. Hertz Corp.*, ". . . defendant Hertz Corporation is not itself qualified to do business in the Virgin Islands in accordance with Title 13 of the Virgin Islands Code . . ." 559 F.Supp. 1169, 1171 (1983).

> having cases adjudicated at home and familiarity of the forum court with the applicable law. *Id.* at 508-509.

While it's true that the Plaintiff's choice of forum is not to be lightly disturbed, it should be afforded less weight when "the central facts of the action occurred outside the chosen forum." 1999 U.S. Dist. LEXIS 21296 at *7, *citing, Nat'l Property Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, 327 (D. N.J. 1995). "In the exercise of its authority to transfer 'for the convenience of parties and witnesses, in the interest of justice' a district court under §1404(a) has a broader discretion than under the formerly applicable doctrine of forum non conveniens." *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1046 (3d Cir. 1973), *citing, Norwood v.Kirkpatrick*, 349 U.S. 29 (1955).

In *Solomon* the Court found that "[w]eighing in favor of transfer is the amenability of at least seven crucial witnesses to compulsory process" (pursuant to Fed. R. Civ.P. 45(e)) in the district where transfer was sought and not in plaintiff's choice of forum, that "the situs of the accident" was in the transfer forum and "a viewing of the situs by the trier of fact may be appropriate." *Id.* at 1047. Such is also the case at bar. As the Magistrate properly recognized, 1) the accident at issue occurred in Rhode Island, 2) the real property damaged and the vehicle itself, with related books and documents, are in Rhode Island, 3) all of the liability witness – including three police officers and the independent expert engineer – are all located in or near Rhode Island and 4) Rhode Island law applies to the claims and defenses.

The Solomon Court also held that "the convenience of counsel is not a factor to be considered." *Id., citing, Chicago Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.), *cert. denied*. 340 U.S. 822 (1955), *see also, L.C. Baron, Inc. v. H.G. Caspari, Inc.*, 678 F.Supp. 100, 103-04 (E.D. Pa. 1987) (the location of plaintiff's lawyer is to be accorded

little weight, if any.), *Rolling Valley Plaza, Inc. v. Combined Properties Corp.*¸ 1985 U.S. Dist. LEXIS 21305.

Although the plaintiff's residence in *Solomon* weighed against transfer, "by no discernable standard could we hold that its grant in these circumstances was such an abuse of discretion as to be beyond the district court's authority or outside its jurisdiction." 472 F.2d at 1046. As further recognized in *Brown v. Woodring* 174 F. Supp. 640 (M.D. Pa. 1959), although consideration must be given to plaintiff's choice of forum. 'Defendant's mandatory margin for victory need not be an overwhelming one.' *Id., quoting, Paragon-Revolute Corp. v, C.F. Pease Co.,* 120 F.Supp. 488, 491 (D. Del. 1954). "A court should not hesitate to disturb plaintiff's choice of forum if the three statutory factors dictate transfer." *Id.*, citing, *General Felt Products Co. v. Allen Industries Inc.*, 120 F.Supp. 491, 493 (D. Del 1954). As the Court explained further, "[t]he controlling conveniences and justice factors are to be applied to both litigants in their relationship to each of the two forums . . . The privilege of selecting a forum continues to play a part in deciding transfer motions *but it should not be cast in the leading role*. The ultimate inquiry is where trial will best serve the convenience of the parties, the witnesses and the ends of justice; to find that forum in which inconveniences of all parties and witnesses may be at an irreducible minimum. *Id.*

Plaintiff's allegation that Hertz rented him a vehicle in a defective condition with a faulty rear axle is just that – an allegation. Plaintiff has presented no proof or evidence that the vehicle or the rear axel were in a defective condition at the time the vehicle was rented to Plaintiff. In fact, as disclosed in Hertz Corp.'s initial disclosures, an independent expert inspection of the vehicle conducted on September 30, 2005, revealed "fractures and damage that were consistent with the wheel assembly <u>being in proper place</u> until the vehicle contacted

a low obstruction which caused the wheel assembly to separate from the vehicle." (Emphasis added). *See*, **Exhibit "5"**. As such, it was Plaintiff's operation of the vehicle, running off the road and colliding with several mailboxes, which caused the wheel assembly to separate from the vehicle. Nevertheless, should Plaintiff attempt to prove by affirmatively admissible evidence that the vehicle rented to him was in a defective condition, all such records and documentation are also in Rhode Island and not the Virgin Islands.

Plaintiff's reliance on *Plum Tree Inc. v. Stockment*, 488 F.2d 754 (3d Cir. 1973) is misplaced as the circumstances and procedure of that case are clearly distinguishable from the instant matter. In *Plum Tree* the defendant's did file a brief in support of its motion for transfer or any other document containing information regarding the appropriateness of transfer. In the instant matter, there was exhaustive motion practice on the transfer issue. On January 9, 2006, Defendant filed a motion and memorandum of law in support of the motion for transfer. Plaintiff had ample opportunity and on March 3, 2006, (after being given several extensions of time) did oppose the motion; to which Defendant filed a reply memorandum. And, although there was not a hearing on the matter, at the January 13, 2006 status conference held by Magistrate Cannon counsel for Plaintiff stated that her office was in receipt of Defendant's motion and Plaintiff would be filing an opposition to Defendant's motion for transfer. At no time during that conference, or by subsequent written request, did counsel for Plaintiff ever request a hearing on the transfer issue. Further, the *Plum Tree* Court expressly stated, "[w]e do not hold that a hearing is necessarily required on every transfer motion." 488 F.2d at 756.

The procedural difficulty in *Plum Tree* was because "there was not evidence before the District Court upon which it could base a finding that a transfer order was justified." *Id.*

In *Plum Tree* evidence would have been considered to be a brief in support or any other document containing information showing that transfer would be appropriate. *Id.* at 757. Here, Defendant did provide a brief and reply brief in support of its motion for transfer which contained the identities of necessary witnesses - the person whose property was damaged, the three police officers responding to the scene and Plaintiff's parents, whose house Plaintiff went to immediately after the accident – all of whom are not agents or employees of Defendant and whom the 100 mile subpoena power cannot compel their presence in the Virgin Islands. Defendant's briefs also contained the State of Rhode Island Uniform Traffic Accident Report and statements regarding Defendant's business and the difficulty that would be created by defending against a suit in the Virgin Islands.

As explained above and plainly comprehensible by the Magistrate's Order, the public and private interest factors were considered. Defendant's motion was properly supported and The Magistrate considered Plaintiff's choice of forum but held that convenience for liability witnesses held more weight than Plaintiff's choice and the convenience of his damages witnesses. The Magistrate also found, irrespective of the fact that Plaintiff claims to have endured his injury here, that Rhode Island had a greater interest than the Virgin Islands in adjudicating this lawsuit. Such balance is not only supported by the case law but clearly within the Magistrate's discretion; as such his June 26, 2007 Order was not clearly erroneous or contrary to law.

However, if this Court finds, on balance, as claimed by Plaintiff, that Massachusetts has a greater interest in the resolution of this matter and its law should apply, Defendant would not be opposed to such a transfer to that district; especially as, given the geographic boundaries and dimensions, the Tiverton, Rhode Island witnesses would be within that

Court's subpoena power and one of the police officers is now employed with the Massachusetts State Police.

WHEREFORE, based on the foregoing and the law of this jurisdiction and judicial circuit, Defendant requests Plaintiff's appeal of the Magistrate's June 26, 2007 Order be denied and that this matter be transferred to the District Court of Rhode Island.

Respectfully submitted,
LAW OFFICES OF DOUGLAS CAPDEVILLE, P.C.
*Attorneys for Defendant Hertz Corporation*

DATED: December 3, 2007

/s Chetema Lucas Francis

**CHETEMA LUCAS FRANCIS, ESQUIRE**
P.O. Box 224191
Christiansted, St. Croix
U.S. Virgin Islands 00822
(340) 773-7275

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 3, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Lee J. Rohn, Esq at lee@rohnlaw.com.

/s/ Chetema Lucas Francis