LEXSEE 1999 U.S. DIST LEXIS 21296

**DORI JACOBS, Plaintiff v. CIDER MILL FARMS CO., INC., Defendant**

**Civil Action No. 99-2832 (AMW)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

*1999 U.S. Dist. LEXIS 21296; 81 Fair Empl. Prac. Cas. (BNA) 1239*

**October 25, 1999, Decided**
**October 28, 1999, Filed**

**DISPOSITION:** [*1] Defendants' motion to transfer venue to the District of Massachusetts granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN1] *28 U.S.C.S. § 1404*(a) provides that for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN2] The decision whether to transfer an action pursuant to *28 U.S.C.S. § 1404*(a) rests in the discretion of the district court. The district court has broad discretion under *28 U.S.C.S. § 1404*(a).

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
[HN3] The burden of establishing the need for transfer of venue rests with the party seeking the transfer. The movant must show that the convenience of the parties, the convenience of the witnesses and the interests of justice strongly favor transferring the case.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN4] In deciding a motion to transfer under *28 U.S.C.S. § 1404*(a), the court must first determine whether the alternative forum is a proper venue, i.e., a district wherein the action might have been brought.

*Civil Procedure > Jurisdiction > Diversity Jurisdiction > General Overview*
*Civil Procedure > Venue > Multiparty Litigation*
[HN5] *28 U.S.C.S. § 1391*(a) provides that in cases where jurisdiction is based solely on diversity of citizenship, the case may be filed in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
*Civil Procedure > Venue > Multiparty Litigation*
[HN6] In the second step of the transfer of venue analysis under *28 U.S.C.S. § 1404*(a), the court must determine whether the balance of convenience clearly weighs in favor of a transfer. In this regard, the court's analysis is flexible and turns on the particular facts of the case.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
*Civil Procedure > Venue > Motions to Transfer > Choice of Forum*
*Governments > Local Governments > Administrative Boards*
[HN7] The factors to be considered by the court for transferring venue are as follow: One category includes factors relating to the so-called private interests of the parties in the context of the litigation: the plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, obstacles to a fair trial and the possibility of a jury view of the premises. The other category consists of the public interest in the administration of the courts and the adjudication of cases: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in

having cases adjudicated at home and familiarity of the forum court with the applicable law.

***Civil Procedure > Venue > Federal Venue Transfers > General Overview***
***Civil Procedure > Venue > Motions to Transfer > Choice of Forum***
[HN8] In balancing the public and private factors for transfer of venue, the court must be mindful that the plaintiff's choice of venue is not to be lightly disturbed. However, a plaintiff's choice of forum is to be accorded less weight where: (1) the plaintiff chooses a forum that is not his home forum, or (2) the central facts of the action occurred outside the chosen forum.

**COUNSEL:** For DORI JACOBS, plaintiff: ARTHUR R. THIBAULT, LAW OFFICES OF WILLIAM J. COURTNEY, FLEMINGTON, NJ.

For CIDER MILL FARMS COMPANY, INC., STEVEN BRANDWEIN, JOSEPH BARBOZA, JEFFREY CHIZMAS, defendants: DOUGLAS SCOTT EAKELEY, LOWENSTEIN SANDLER PC, ROSELAND, NJ.

**JUDGES:** JOEL A. PISANO, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** JOEL A. PISANO

**OPINION:**

Before the court is a motion by defendant Cider Mill Farms Company, Inc. ("Cider Mill") to transfer venue to the United States District Court for the District of Massachusetts. Plaintiff filed opposition to the motion. The Court heard oral argument on October 12, 1999, after which the Court advised the parties that the undersigned would issue this opinion ordering that this case be transferred to the District of Massachusetts.

**Background**

This is an action alleging, inter alia, sexual harassment and gender discrimination. Plaintiff, Dori Jacobs, filed this diversity action in the United States District Court for the District of New Jersey on June 17, 1999. At the time of the acts alleged in the complaint, Ms. Jacobs was a resident of New Jersey. (Compl. at [*2] P1) At the time the complaint was filed, however, Ms. Jacobs was an Arizona resident, having relocated to that state on or about February 3, 1999. (Id. at P34)

From June 1998 until her termination in January 1999, plaintiff had been employed by defendant Cider Mill, a Massachusetts corporation with its principal place of business located in Massachusetts. (Id. at PP 2, 9, 33) In her position as sales representative, she was responsible for establishing new accounts throughout the United States. (Id. at P11) Because her accounts were located across the country, it was not necessary for plaintiff to be physically located at Cider Mill's offices in Massachusetts to perform her job functions. (Chizmas Aff. at P11) Therefore, while employed by Cedar Mill, plaintiff maintained a home-office in New Jersey. (Jacobs Aff. at P2)

Plaintiff makes various allegations in her complaint. She accuses defendant Joseph Barboza, chief financial officer of Cider Mill and a resident of the State of Massachusetts, of making unwanted sexual advances toward her on several occasions. (Compl. at PP14-16) Plaintiff alleges the first time this occurred was at a trade show in Atlanta, Georgia ( **[*3]** Id. at P14) and the second time was after a business meeting in Massachusetts (Id. at P15). According to plaintiff, these unwanted sexual advances continued thereafter for several months. (Id. at P16) Plaintiff also accuses defendant Steven Brandwein, a sales manager at Cider Mill and an Illinois resident, of belittling her at a trade show in Chicago. (Id. at P22) She further asserts that Brandwein and defendant Jeffrey Chizmas, president of Cider Mill and a resident of Massachusetts, attempted undermine her sales efforts, as well as encouraged her to move to Arizona for the benefit of Cider Mill. (Id. at PP23-25)

**Discussion**

Cider Mill has moved before this Court to transfer venue pursuant to *28 U.S.C. § 1404*(a). [HN1] This statute provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this provision is "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack, 376 U.S. 612, 616, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964).* **[*4]**

[HN2] The decision whether to transfer an action pursuant to § 1404(a) rests in the discretion of the district court. *Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29-30, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988);* see *Plum Tree Inc. v. Stockment, 488 F.2d 754 (3d Cir. 1973).* The Third Circuit has noted that the district court has broad discretion under § 1404(a). *Solomon v. Continental American Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973)* (under § 1404(a), district court has a broader discretion than under the formerly applicable doctrine of forum non conveniens).

[HN3] The burden of establishing the need for transfer rests with the party seeking the transfer. *Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993).*

The movant must show that the convenience of the parties, the convenience of the witnesses and the interests of justice strongly favor transferring the case. *Houdstermaatschaapij v. Apollo Computer, Inc., 707 F. Supp. 1429, 1436 (D. Del. 1989); Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 306 (D.N.J. 1989).*

[HN4] In deciding a motion to transfer **[*5]** under § 1404(a), the court must first determine whether the alternative forum is a proper venue, i.e., a district wherein the action "might have been brought." [HN5] United States Code Title 28, Section 1391, is the federal venue statute, and § 1391(a) provides, inter alia, that in cases where jurisdiction is based solely on diversity of citizenship, the case may be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred... ." *28 U.S.C. § 1391*(a).

A substantial part of the events giving rise to the claims in this action occurred in Massachusetts. Plaintiff and defendant Chizmas negotiated the terms of plaintiff's employment at Logan Airport in Boston. (Jacobs Aff. at P6) Plaintiff's employment relationship with Cider Mills was centered at Cider Mill's headquarters in Leominster, Massachusetts, and plaintiff reported her activities to Cider Mill employees at the headquarters. (Chizmas Aff. at P9) Further, plaintiff accuses defendant Barboza of making unwanted sexual advances after a business meeting in Massachusetts. Accordingly, it is clear that this action could have been brought in the District **[*6]** of Massachusetts.

[HN6] In the second step of the analysis under § 1404(a), the Court must determine whether the balance of convenience clearly weighs in favor of a transfer. In this regard, the Court's analysis "is flexible and turns on the particular facts of the case." *National Property Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 326 (D.N.J. 1995).* [HN7] The factors to be considered by the court were categorized by Judge Lechner in *Ricoh Company, Ltd. v. Honeywell, Inc. 817 F. Supp. 473, 479 (D.N.J 1993):*

> One category includes factors relating to the so-called "private interests" of the parties in the context of the litigation: the plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, obstacles to a fair trial and the possibility of a jury view of the premises. *Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947).*
>
> The other category consists of the "public interest" in the administration of the courts and the adjudication of cases: court congestion and other administrative difficulties, **[*7]** placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home and familiarity of the forum court with the applicable law. *Id. at 508-09.*

[HN8] In balancing these factors, the Court must be mindful that the plaintiff's choice of venue is not to be lightly disturbed. *Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995).* However, a plaintiff's choice of forum is to be accorded less weight where: (1) the plaintiff chooses a forum that is not his home forum, *Jordan v. Delaware & Hudson Railway Co., 590 F. Supp. 997, 998 (E.D. Pa. 1984),* or (2) the central facts of the action occurred outside the chosen forum. *National Property Investors VIII, 917 F. Supp. at 327.* Plaintiff in the case sub judice is a resident of Arizona. Moreover, most of the operative facts in this action occurred outside of New Jersey. As a result, the plaintiff's decision to lay venue in the District of New Jersey warrants less deference by this Court.

Applying the foregoing factors, this Court concludes that the convenience to parties, the convenience to witnesses, **[*8]** and the interests of justice strongly weigh in favor transferring this case to the District of Massachusetts. Most of the parties, witnesses and evidence are located in Massachusetts. Two of the three individual defendants reside in Massachusetts n1 and Cedar Mill is incorporated and headquartered in that state. No party to this action is even found in New Jersey. Moreover, only two of the thirteen witnesses named by plaintiff are in New Jersey. (Jacobs Aff. P14) The others are located in Massachusetts, Ohio, Texas, Oregon, New York, and New Mexico. Id. Therefore, most of these witnesses would incur no greater inconvenience as a result of this matter being litigated in Massachusetts instead of New Jersey. Furthermore, the documentary evidence relevant to plaintiff's claims, specifically plaintiff's employment records, is located in Massachusetts.

n1 One defendant is a resident of Illinois and, presumably, travel to Massachusetts to defend this action would be no more burdensome to this defendant than travel to New Jersey.

[*9]

Massachusetts is the "center of gravity" with respect to the issues in this case. The employment relationship between plaintiff and Cider Mill was centered in Massachusetts--her employment contract was negotiated in that state and she reported her activities to employees located there. From an administrative standpoint she functioned

as an employee working from Cider Mill's Massachusetts headquarters. (Chizmas Aff. at P12) Additionally, plaintiff alleges that on at least one occasion defendant Barboza made an unwanted sexual advance in Massachusetts.

Accordingly, this court concludes that the citizens of Massachusetts, rather than New Jersey, have the greater ties to this action and that Massachusetts has the greater interest in adjudicating the dispute. Furthermore, convenience to the litigants, convenience to witnesses and the interests of justice strongly weigh in favor of the transfer of this action to the District of Massachusetts. As such, defendant's motion to transfer venue to the District of Massachusetts is hereby granted.

**Conclusion**

For the reason's stated above, defendants' motion to transfer venue to the District of Massachusetts is granted. An appropriate order **[*10]** follows.

JOEL A. PISANO

UNITED STATES MAGISTRATE JUDGE

**ORDER** - ENTERED on THE DOCKET 10-29 1999

Before the court is a motion by defendant Cider Mill Farms Company, Inc. to transfer venue to the United States District Court for the District of Massachusetts. Plaintiff filed opposition to the motion. The Court heard oral argument on October 12, 1999. For the reasons set forth in the attached opinion,

**IT IS** on this 25 day of October, 1999,

**ORDERED** that defendant's motion to transfer venue is **GRANTED.**

JOEL A. PISANO

UNITED STATES MAGISTRATE JUDGE