LEXSEE 2001 U.S. DIST. LEXIS 8004

**GLENN JACKSON and LOUIS JACKSON, Plaintiffs, v. EXECUTIVE AIRLINES, INC., d/b/a AMERICAN EAGLE, Defendant.**

**Civ. No. 2000-121**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE VIRGIN ISLANDS, DIVISION OF ST. THOMAS AND ST. JOHN**

***2001 U.S. Dist. LEXIS 8004***

**June 7, 2001, Decided**

**DISPOSITION:** [*1] Executive Airlines' motion for change of venue DENIED.

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Federal Venue Transfers > Improper Venue Transfers*
*Civil Procedure > Venue > Forum Non Conveniens*
[HN1] Under *28 U.S.C.S. § 1406,* the court "shall" dismiss or transfer a case when it is brought in the wrong venue.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN2] *28 U.S.C.S. § 1404*(a) provides that a district court may transfer a case for the convenience of parties and witnesses, in the interest of justice. The party challenging venue must prove its impropriety.

*Civil Procedure > Venue > Multiparty Litigation*
[HN3] See *28 U.S.C.S. § 1391.*

*Civil Procedure > Venue > Federal Venue Transfers > Improper Venue Transfers*
[HN4] *28 U.S.C.S. § 1406*(a) mandates dismissal or transfer of a case brought in the "wrong" venue. The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Civil Procedure > Venue > Forum Non Conveniens*
*Civil Procedure > Venue > Multiparty Litigation*
[HN5] Because venue is procedural in nature, a territorial statute does not govern venue disputes in federal court, since federal courts invoke federal procedural law.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
*Civil Procedure > Venue > Motions to Transfer > Interests of Justice*
[HN6] On a motion to transfer venue, the trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum.

*Civil Procedure > Venue > Motions to Transfer > Choice of Forum*
*Civil Procedure > Judicial Officers > Judges > Discretion*
[HN7] Although the trial judge is afforded great discretion in deciding a motion to transfer venue, he should not disturb a plaintiffs' choice of forum unless the balance of factors strongly weighs in favor of transfer.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
*Civil Procedure > Venue > Individual Defendants*
*Civil Procedure > Federal & State Interrelationships > Erie Doctrine*
[HN8] Among the factors to be considered in deciding a motion to transfer venue under *28 U.S.C.S. § 1404*(a) are: (1) plaintiffs choice of forum; (2) defendant's preference; (3) where the claim arose; (4) convenience to the parties; (5) convenience to witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) location of books and records; (7) practical considerations that could make the trial eas-

**Exhibit 3**

ier, more expeditious, or less expensive; (8) congestion of possible fora; and (9) the familiarity of the trial judge with the applicable state law in diversity cases.

*Civil Procedure > Parties > Joinder > Indispensable Parties*
*Civil Procedure > Parties > Joinder > Misjoinder*
*Civil Procedure > Parties > Joinder > Necessary Parties*
[HN9] Under *Fed. R. Civ. P. 19(a)*, a court must first inquire whether complete relief can be afforded among those parties already present. If complete relief is not available, the court must join the absent person if joinder does not destroy jurisdiction and if she is subject to service of process. Once joined, if she objects to venue and the joinder makes venue improper, the joined party is dismissed. If the person cannot be joined, then the court determines whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus being regarded an indispensable. *Fed. R. Civ. P. 19(b)*.

*Civil Procedure > Pleading & Practice > Service of Process > General Overview*
[HN10] See *Fed. R. Civ. P. 4(k)(1)(B)*.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
*Civil Procedure > Pretrial Matters > Subpoenas*
[HN11] Transfer may be denied when the witnesses, although in another district, are within the 100-mile reach of the subpoena power or when they are employees of a party and their presence can be obtained by that party. The convenience of witnesses is given less consideration if the defendant is a transportation company and is able to bring the witnesses to the forum with little difficulty.

*Civil Procedure > Federal & State Interrelationships > Choice of Law > Significant Relationships*
*Torts > Procedure > Conflicts of Laws > Significant Relationships*
[HN12] In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied.

*Civil Procedure > Federal & State Interrelationships > Choice of Law > Significant Relationships*
[HN13] In determining whether some other state has a "more significant relationship" for purposes of which law to apply, a variety of contacts are considered. Courts consider the place where the injury occurred, the place where the conduct causing injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties is centered.

**COUNSEL:** George H. Hodge, Jr., Esq., St. Thomas, U.S.V.I., For plaintiffs.

Wilfredo A. Geigel, Esq., St. Thomas, U.S.V.I., For defendant.

**JUDGES:** Thomas K. Moore, District Judge.

**OPINION BY:** Thomas K. Moore

**OPINION:**

**MEMORANDUM**

The complaint filed by Glenn and Louis Jackson [the "Jacksons"] alleges that on November 5, 1999, Glenn Jackson slipped and injured herself in front of the American Eagle ticket counter in Luis Munoz Marin International Airport ["SJU Airport"] in San Juan, Puerto Rico. Defendant Executive Airlines, Inc., d/b/a American Eagle ["Executive Airlines"], moved for a change of venue pursuant to *28 U.S.C. § § 1404*(a) and 1406. The Jacksons opposed the motion. Because there is no basis for mandatory transfer of venue under *28 U.S.C. § 1406*, the Court is not required to transfer venue to Puerto Rico. Further, although the trial judge has broad discretion to transfer venue, the convenience of the parties and witnesses and the interest of justice do not sufficiently support transfer under *28 U.S.C. § 1404*(a) to overcome the presumption in favor of the [*2] plaintiffs' chosen venue. Accordingly, the motion to transfer venue was denied from the bench on May 25, 2001.

**I. FACTS**

Glenn Jackson alleges that she suffered injures when she slipped and fell on a liquid slick within ten feet n1 of Executive Airline's ticket counter at the SJU Airport. The complaint also claims loss of consortium by her husband, Louis Jackson. The Jacksons are residents of St. Thomas, United States Virgin Islands ["USVI"]. Executive Airlines maintains its principal place of business at the SJU Airport and is licensed to do business in the USVI.

n1 The complaint does not contain the "ten feet" allegation.

The Jacksons filed suit in Territorial Court pursuant to *4 V.I.C. § 76*. Executive Airlines then removed the action to this Court pursuant to *28 U.S.C. § 1441* with jurisdiction founded upon diversity under *28 U.S.C. § 1332*. Executive Airlines then moved to transfer venue to the District Court of the Commonwealth of Puerto Rico, pursuant [*3] to *28 U.S.C. § § 1404*(a) and 1406.

In its motion, Executive Airlines claimed that other parties, such as the Puerto Rico Ports Authority [the "Authority"] or one of the janitorial service employed thereby or by American Airlines ["AA"], resident in Puerto Rico, may be responsible for the slick that allegedly injured Mrs. Jackson, and therefore Puerto Rico is the proper venue, primarily for the convenience of effecting service of process on those necessary other parties. The Jacksons countered that the lease agreement between the Authority and AA exculpates the Authority by defining "common areas" as extending "from 10 feet in front of the ticket counters to the opposite wall" (*see* Pls.' Ex. 1 at 3, § 1.01) and holding that the Authority shall not be liable for the acts or omissions of any lessee, agent, servant, employee, or independent contractor of the Airline or anyone (*see* Pls.' Ex. 1 at 41, § 23.17(a)). The Jacksons further argued that the janitorial service contract between Antilles Cleaning Service, Inc. ["Antilles"] and AA exculpates Antilles by requiring it to procure primary liability insurance and name AA as an additional insured without [*4] right of contribution from AA's insurance carrier. (*See* Pls.' Ex. 2 at 6, § 8(D).)

**II. DISCUSSION**

Executive Airlines claimed two bases for transfer of venue, mandatory transfer pursuant *28 U.S.C. § 1406* and permissive transfer pursuant to the doctrine of *forum non conveniens*, codified at *28 U.S.C. § 1404*(a). [HN1] Under section 1406, the Court "shall" dismiss or transfer a case when it is brought in the wrong venue. [HN2] Section 1404(a), in contrast, provides that a district court may transfer a case "for the convenience of parties and witnesses, in the interest of justice . . . ." As the party challenging venue, Executive Airlines must prove its impropriety. *See Kressen v. Federal Ins. Co., 122 F. Supp. 2d 582, 587 (D.V.I. 2000)* (citing 2 MOORE'S FEDERAL PRACTICE § 12.324 (3d ed. 1999)).

**A. Mandatory Transfer of Venue under *28 U.S.C. § 1406*.**

[HN3] The general venue statute for federal district courts at *28 U.S.C. § 1391* provides in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise [*5] provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> . . . .
>
> (c) For purposes of venue under this chapter *[28 USCS § § 1391* et seq.], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

(Emphasis added.) Further, [HN4] *28 U.S.C. § 1406*(a) mandates dismissal or transfer of a case brought in the "wrong" venue:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. [*6]

Executive Airlines has significant contacts with the USVI and is licensed to do business in the USVI. It thus has consented to personal jurisdiction in the USVI. Under section 1391(c), Executive Airlines is deemed to reside in the USVI for the purpose of venue under subsection (a). Venue is therefore proper in this district.

**B. *Forum Non Conveniens* under *28 U.S.C. § 1404*(a)**

Even though the Court has found that the Virgin Islands is the proper venue, the Court may transfer the instant action based upon the principle of *forum non conveniens*. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." n2

n2 Title 5, Section 4905 of the Virgin Islands Code codifies the doctrine of *forum non conveniens* for the Territorial Court. [HN5] Because

venue is procedural in nature, this territorial statute does not govern venue disputes in federal court, since federal courts invoke federal procedural law. *See also* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3847 (2d ed. 1986) ("One factor that need not concern the court is the law on forum non conveniens of the state in which the court is sitting. Congress has explicitly legislated in this field and there is no occasion to look to state law, even in a diversity case.")

[*7]

Executive Airlines requested that the Court transfer venue to the District Court of Puerto Rico. Puerto Rico clearly qualifies as a "district . . . where [the action] might have been brought" under either of the first two conditions of *28 U.S.C. § 1391*(a), to wit, (1) the defendant resides in Puerto Rico, and (2) a substantial part of the events giving rise to the claim occurred in Puerto Rico. This does not end the analysis, since the Court must consider whether "the convenience of parties and witnesses [and] the interest of justice" counsels in favor of the requested transfer. *See 28 U.S.C. § 1404*(a). In so doing, "[HN6] the trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3826 (2d ed. 1986); *see also Kressen, 122 F. Supp. 2d at 588-89.* n3 [HN7] Although the trial judge is afforded great discretion in deciding the motion, he should not disturb a plaintiffs' choice of **[*8]** forum unless the balance of factors strongly weighs in favor of transfer. *See Kressen, 122 F. Supp. 2d at 589* (observing in n.9 the contrary view of some courts).

n3 [HN8] Among the factors to be considered are:

> 1) plaintiff's choice of forum; 2) defendant's preference; 3) where the claim arose; 4) convenience to the parties; 5) convenience to witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; 6) location of books and records; 7) practical considerations that could make the trial easier, more expeditious, or less expensive; 8) congestion of possible fora; and 9) the familiarity of the trial judge with the applicable state law in diversity cases.

*Kressen, 122 F. Supp. 2d at 589* (citation omitted).

Executive Airlines claimed that three factors favor transferring this case to Puerto Rico: (1) the failure of plaintiffs to include indispensable parties, including Antilles and the Authority, who reside in Puerto **[*9]** Rico; (2) the convenience of Puerto Rico to witnesses, including Executive Airlines' employees, officers, and directors; and (3) the familiarity of the District Court of Puerto Rico with the law of Puerto Rico. The Jacksons countered that (1) there are no indispensable parties resident in Puerto Rico, since complete relief can be obtained from the defendant; (2) there is a strong presumption in favor of their chosen venue, and Executive Airlines' showing of inconvenience does not overcome this presumption; and (3) the transferee court would have to apply the substantive law and conflict of law rules of the Virgin Islands, since a change of forum does not result in a change of law. Although the Jacksons' arguments are at best questionable, the factors cited by Executive Airlines only weakly supported transfer of this case to Puerto Rico. Executive Airlines did not overcome the strong presumption in favor of the Jacksons' chosen venue as is required under *Kressen.* Accordingly, the Court denied the request to transfer.

1. Indispensable Parties

As noted, Executive Airlines asserted that indispensable parties residing in Puerto Rico would be excluded from this litigation if it **[*10]** were to go forward in the USVI. The issues of indispensable parties is governed by *Rule 19 of the Federal Rules of Civil Procedure.* [HN9] Under Rule 19, a court must first inquire whether complete relief can be afforded among those parties already present. *See Fed. R. Civ. P. 19(a)*. If complete relief in not available, the court must join the absent person if joinder does not destroy jurisdiction and if she is subject to service of process. *See id.* Once joined, if she objects to venue and the joinder makes venue improper, the joined party is dismissed. *See id.* If the person cannot be joined, then the court determines "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus being regarded an indispensable." *Fed. R. Civ. P. 19(b)* (emphasis added).

Executive Airlines, other than in general assertions, provided no facts to indicate that there are indispensable parties, including Antilles and the Authority, whose presence would destroy diversity jurisdiction or who cannot be served with process in the USVI. Further, it is unlikely that Antilles and the Authority could ever be regarded as indispensable, **[*11]** since neither, it seems, could ever "[]not be joined" under Rule 19(b). This is because under Rule 4(k)(1)(B), jurisdiction over parties within one hundred miles of the USVI is established by service of process when such parties are joined under Rule 19. n4 Executive Airlines, which routinely flies between the USVI and Puerto Rico, has not asserted that San Juan is not within one hundred miles of St. Thomas.

> n4 [HN10] *Fed. R. Civ. P. 4(k)(1)(B)* states in relevant part:
>
> Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues . . . .

2. Convenience to Witnesses

Executive Airlines asserted that its witnesses are located in Puerto Rico, although this says nothing of the plaintiffs' witnesses. As noted above, most of the witnesses for both sides likely **[*12]** reside within one hundred miles of the District Court of the Virgin Islands. Wright, Miller & Cooper note:

> There are frequent indications in the cases that what is important is not so much the convenience of the witnesses but the possibility of having their live testimony at the trial. Thus [HN11] transfer may be denied when the witnesses, although in another district, are within the 100-mile reach of the subpoena power or when they are employees of a party and their presence can be obtained by that party. The convenience of witnesses is given less consideration if the defendant is a transportation company and is able to bring the witnesses to the forum with little difficulty.

15 WRIGHT, MILLER & COOPER, *supra* § 3851 (footnotes omitted) (emphasis added). The facts of this case weigh against Executive Airlines' argument that transfer of venue is warranted for the convenience of witnesses: Executive Airlines is a transportation company, most of its witnesses, according to its owns statements, are its employees and officers, and these witnesses are likely located within one hundred miles of the District Court of the Virgin Islands. Thus the Jacksons prevailed **[*13]** on this argument.

3. Familiarity with the Law of Puerto Rico

Wright, Miller & Cooper include the factor of a judge's familiarity with local law under the rubric of Interest of Justice:

> In diversity cases, in which state law provides the substantive rules, there is thought to be advantage in having it applied by federal judges who are familiar with the state law, and thus in trying the case in a district of the state whose law is to govern. This has been mentioned as a factor in some cases, but it seems not to have been given great weight, particularly when the applicable state law appears clear.

*See* 15 WRIGHT, MILLER & COOPER, *supra* § 3854 (footnotes omitted) (quoting *Van Dusen v. Barrack, 376 U.S. 612, 639, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964))*. In a recent case (coincidently claiming damages for a slip and fall in SJU Airport against an airline) this Court concluded that the law of Puerto Rico applied to an action based on an injury occurring in Puerto Rico where the USVI did not have a more significant relationship to the occurrence and the parties:

> As this Court has previously stated, in determining which state's law shall apply **[*14]** to the instant case, the Court looks to the Restatement (Second) Conflict of Laws. Section 146 of the Restatement provides in pertinent part:
>
> > [HN12]
> > In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relation-

ship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*Restatement (Second) Conflict of Laws § 146.* [HN13] In determining whether some other state has a "more significant relationship," a variety of contacts are considered. Courts consider "the place where the injury occurred, the place where the conduct causing injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties is centered." *Benjamin v. Eastern Airlines, Inc., 1981 U.S. Dist. LEXIS 9337, *5, 18 V.I. 516, 520 (D.V.I. 1981)* citing *Restatement (Second) of Conflict of Laws § 145* (1971).

In *Benjamin*, this Court held **[*15]** that Puerto Rico substantive law should apply as Puerto Rico is the place where plaintiffs were injured: "Puerto Rico is the place where defendant's alleged negligent conduct occurred, and the Virgin Islands does not have more contacts that are more significant than those of Puerto Rico." *Benjamin, 18 V.I. at 520.* The Court found that the fact that the defendant did business in the Virgin Islands was not enough to establish a significant contact. In *Benjamin*, this Court further found that the only exclusive contact the Virgin Islands has with the action is the residency of the plaintiffs, and that this contact is not enough to warrant the application of Virgin Islands substantive law. *Id.* As in *Benjamin*, the only contact the Virgin Islands has with the instant action is the residency of Plaintiff.

*Berry v. American Airlines, Inc., 2000 U.S. Dist. LEXIS 13101,* *3-*4 (D.V.I. Aug. 28, 2000) (emphasis added). The facts of the present case balance in nearly identical fashion as those in *Berry*, resulting in an identical result: the law of Puerto Rico applies to this case. This conclusion favored the transfer of this case to Puerto **[*16]** Rico, but this single weak factor standing alone was insufficient to counter those remaining factors disfavoring transfer. The trial judge should not disturb a plaintiff's choice of forum unless the balance of factors strongly weighs in favor of transfer. *See Kressen, 122 F. Supp. 2d at 589.* Accordingly, the motion to transfer venue was denied from the bench.

**III. CONCLUSION**

Because there was no basis for mandatory transfer of venue under *28 U.S.C. § 1406*(a), the Court was not required to transfer venue to Puerto Rico. Although the trial judge has broad discretion to grant the transfer of venue pursuant to *28 U.S.C. § 1404*(a), the convenience of the parties and witnesses and the use of the substantive law of Puerto Rico simply did not overcome the presumption in favor of the plaintiffs' chosen venue. As the party challenging venue, Executive Airlines failed to meet its burden of proving the impropriety of venue in the USVI. Accordingly, the Court denied the motion to transfer venue.

**ENTERED this 7th day of June, 2001.**

**For the Court**

/s/

**Thomas K. Moore**

**District Judge**

**ORDER**

For the reasons set **[*17]** forth in the foregoing Memorandum, memorializing the ruling from the bench on May 25, 2001, it is hereby

**ORDERED** that Executive Airlines' motion for change of venue is **DENIED.**

**ENTERED this 7th day of June, 2001.**

**For the Court**

/s/

**Thomas K. Moore**

**District Judge**