**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS | ) | CIVIL NO. 2005/0164 |
| | ) | |
| Plaintiff, | ) | ACTION FOR DAMAGES |
| vs. | ) | |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**APPEAL OF MAGISTRATE'S ORDER DATED DECEMBER 4, 2007 GRANTING PLAINTIFF'S MOTION TO COMPEL**

Defendant The Hertz Corporation (hereinafter "Hertz Corp."), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule of Civil Procedure 72.1(b)(3)(A), and hereby appeals the Magistrate Judge's Order dated December 4, 2007 that granted Plaintiff's Motion to Compel Discovery.

The joint stipulation of the parties regarding Plaintiff's motion to compel discovery (Docket No. 54) is attached hereto as **Exhibit "1"**. The Magistrate's Order granting Plaintiff's motion to compel is attached hereto as **Exhibit "2"**.

**Facts**

Defendant filed a motion to transfer this case based on inconvenient forum on January 9, 2006 [Docket No. 7]. By Order dated May 17, 2006 this Court granted Defendant's motion to transfer this matter to the District of Rhode Island [Docket No. 31]. The next day Plaintiff served his interrogatories and demand for production of documents to Defendant's Virgin Islands counsel on May 18, 2006 [Docket Nos. 32&33, respectively]. On June 2, 2006 Plaintiff filed an appeal from the Magistrate's May 17, 2006 Order [Docket No. 35]. By Order dated October 30, 2006 the District Court granted Plaintiff's appeal, but permitted Defendant to re-file its motion

for transfer with appropriate supporting documentation [Docket No. 60]. Defendant renewed its motion to transfer with the supporting documentation identified by the District Court [Docket No. 62]. By Order dated June 26, 2007 the Magistrate again granted Defendant's motion to transfer [Docket No. 78]. Yet again, Plaintiff appealed the Magistrate's order to the District Court [Docket No. 79]. This appeal is presently before the District Court awaiting decision.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 72(a) and local Rule of Civil Procedure 72.1, a party may seek review of a Magistrate Judge's order by appealing to the District Court within ten (10) days after entry of the order. *Nyfield v. V.I. Tel. Corp.*, 2002WL 16931 (D. V.I. 2002). *See also, Nicholas v. Wyndham Intern., Inc.*, 224 F.R.D. 370, 371 (D.V.I. 2004).

Upon appeal the District Court should "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law" LRCi 72.1(b)(3); Fed.R.Civ.P. 72; 28 U.S.C. §636(b)(1)(A) (nondispositive matters may be handled by a magistrate judge and reconsidered by the district court); *see also, Continental Cas. Co. v. Donimick D'Andrea, Inc.* 150 F.3d 245, 248-50 (3d Cir. 1998); *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 341 (3d Cir. 1987). In addition, upon review of the entire evidence, the District Court should reverse the Magistrate Judge's Order, even if there is evidence to support it, if the District Court Judge is left with the definite and firm conviction that a mistake has been committed. *Harrison v. Bornn, Bornn & Handy,* 200 F.R.D. 509, 513 (D.V.I. 2001).

**Legal Analysis**

A motion to transfer must be decided before the case proceeds on the merits. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970). The Court of Appeals for the Third Circuit has held that "[j]udicial economy requires that another district court should not burden itself with

the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *Id.* The Court of Appeals went on to explain that "only if the court should deny the motion to transfer should discovery be permitted to go forward." *Id* at 31. *See also, Impervious Paint Industries, Ltd. v. Ashland Oil*, 444F.Supp 465, 466 n.2 (E.D. Pa. 1978); *Gordon v. Diagnostek, Inc.*, 812 F. Supp. 57 (E.D. Pa 1993).

The Magistrate's Order granting Plaintiff's motion to compel discovery when the motion to transfer is still pending on appeal is clearly contrary to law and erroneous. To permit discovery would allow the case to proceed on the merits. It is also judicially inefficient to have the Virgin Islands Magistrate decide discovery issues when the case will most likely be transferred, based on the prior appeal and orders granting transfer, to another jurisdiction. Such inefficiency is exactly what the Third Circuit Court of Appeals sought to prevent in its holding in *McDonnell Douglas Corp. v. Polin.*

WHEREFORE Defendant Hertz Corporation requests that the Magistrate Judge's Order dated December 4, 2007 granting Plaintiff's Motion to Compel Discovery be reversed and discovery be stayed pending resolution of Plaintiff's Appeal of Magistrate's Order dated June 26, 2007 granting Defendant's Motion to Transfer.

Respectfully Submitted,
LAW OFFICES OF DOUGLAS L. CAPDEVILLE, P.C.

DATED: December 18, 2007

/s/ Chetema Lucas Francis

CHETEMA LUCAS FRANCIS, ESQ.
V.I. Bar No.: 854
2107 Company St. - Lot #4
P.O. Box 224191

St. Croix, USVI 00822
Tel: (340) 773-7275
clucas@capdevillelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY that I cause on this 18th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Lee Rohn, Esq at lee@rohnlaw.com

s/ Chetema Lucas Francis