IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | | |
|---|---|---|
| DAVID KENDRICKS, Plaintiff, | ) | CIVIL NO. 2005/164 F/C |
| v. | ) | ACTION FOR DAMAGES |
| THE HERTZ CORPORATION, Defendant. | ) | JURY TRIAL DEMANDED |

**JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROVIDE RESPONSES TO DISCOVERY**

**COME NOW**, the parties, by and through the undersigned attorneys pursuant to LRCi 37.2 and stipulate as follows.

**Defendant's Introduction:** Given that the incident complained of by Plaintiff occurred in Rhode Island, and that the facts, information, majority of witness and discovery necessary for the resolution of the case are located in Rhode Island, Defendant filed a motion for transfer of venue to the District of Rhode Island. The matter was fully briefed and by Order dated May 17, 2006 this Court granted Defendant's motion to transfer this matter to the District of Rhode Island. The day after the motion to transfer was granted, May 18, 2006, Plaintiff served his interrogatories and demand for production of documents to Defendant's Virgin Islands counsel. On June 1, 2006, although the ten day time period for appeals had elapsed, Plaintiff filed an appeal from the Magistrate's May 17, 2006 Order. Defendant objected to Plaintiff's appeal and the matter is currently under advisement by the District Court. On June 13, 2006, within the thirty (30) day time period for Defendant to respond to Plaintiff's

discovery requests, Defendant filed a motion to stay discovery pending resolution of Plaintiff's appeal of the Magistrate's May 17, 2006 Order. Plaintiff opposed Defendant's request for stay and Defendant replied to Plaintiff's opposition. That matter is presently under advisement by the Magistrate. As provided in Plaintiff's Exhibit "1", at Plaintiff's request the District Court stayed the transfer of this case pending resolution of Plaintiffs appeal.

**Issue:** Whether Defendant should be ordered to respond to Interrogatories and Demand for Production of Documents (from hereon referred to as discovery); and whether Defendant has waived its objections for failure to respond to the discovery.

**Plaintiff's Contentions:** Plaintiff propounded discovery to Defendant on May 17, 2006. Defendant has refused to provide responses to discovery citing many reasons from a pending Motion to Transfer Venue to a pending Motion to Stay. First, the Motion to Transfer Venue has been appealed, and this Court has ordered the transfer of the case to be stayed. See Order dated July 7, 2006, attached as **Exhibit 1**. Additionally, regardless of whether the case is in Rhode Island (Defendant's preferred jurisdiction) or in the Virgin Islands, Defendant must respond to discovery and cannot simply refuse to do so because of a pending Motion to Transfer Venue. Second, Defendant has refused to answer the discovery on the basis that it has filed a Motion to Stay Discovery Pending the Motion to Transfer Venue. This Motion has been fully briefed. This Court has recently and pertinently ordered the following: "...this Court holds that, the mere filing of a Motion to Stay does not give leave for Defendants to not respond to discovery. The Defendants'

response is improper." *See Berrios, et al. v. HOVENSA, LLC, et al.,* Order dated July 11, 2006 and attached as **Exhibit 2**.

Further, Defendant's failure to timely respond waives any objections to Plaintiff's discovery requests. The objections were not made within the required 30 day period required by Rule 33(b)(3) (Interrogatories) and 34(b)(Demand for Production). Therefore, Defendant's objections are waived. Fed. R. Civ. P. 33 (b) (3); Fed. R. Civ. P. 34 (b); *See Felix v. Am. Airlines, Inc.*, CIVIL No. 1997/20, 2003 U.S. Dist. LEXIS 10362 *2 (D.V.I. 2003)(Rule 33(b)(4) states that any ground not stated in a timely objection is waived.) Courts have consistently ordered Defendant's objections were waived for failure to timely object. *See James v. Geostar Corp., et al.,* StX. Dt. Ct., Civil No. 2004-CV-0026, Order dated June 14, 2006 and attached as **Exhibit 3**; *see also* Order and Motion to Compel in *Gorden v. United Sporting Goods, Inc. and Smith & Wesson, Corp.*, Terr. Ct. StX. Civil No. 21/2001, attached as **Exhibit 4**; *see also Tittle-Wilkie v. Transportation Services of St. John, Inc.*, Terr. Ct. StX. Civil No. 216/2001, Order dated April 4, 2003 and attached as **Exhibit 5**. Additionally, Courts have held that objections must be made within the time period prescribed by Rule 33. *See Puricelli v. Borough of Morrisville,* 136 F.R.D. 393, 396 (E.D. Pa. 1991) (Failure to raise an objection with sufficient specificity within the time period prescribed by Rule 33, without an extension, may be deemed waiver); *see also Rivera v. Kmart Corp.* 190 F.R.D. 298, 300-01 (D. Puerto Rico 2000).

Plaintiff requests this Court order Defendant to respond to all outstanding discovery, and that Defendant has waived any and all objections for its failure to object or respond in a timely manner.

**Plaintiff's Dispute Resolution Attempts:** On June 26, 2006 Plaintiff wrote to Defendant regarding its overdue discovery responses. See **Exhibit 6**. On July 11, 2006 attorneys for Plaintiff and Defendant held an LRCi 37.1 conference, and Defendant maintained that it would not be responding to discovery. See **Exhibit 7**.

**Defendant's Contentions:** A Court's determination of whether to stay discovery should be made on a case by case basis with consideration as to the type of motion on which the stay is requested, if the requested discovery is or is not likely to produce the facts needed by the adverse party to withstand the motion and whether the underlying motion is a challenge as a matter of law or to the sufficiency of the allegations. *Tilley v. US.*, 270 F.Supp 2d 731, 734 (M.D.N.C. 2003); *laundry v. Air Line Pilots Ass 'n Int'l* AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990) *cert denied.*, 498 U.S. 859 (1990); *US. v. County of Nassau*, 188 F.R.D. 187, 188 (E.D. NY 1999); *Nolan v. U.S. Dept. of Justice*, 970 F.2d 843, 849 (10th Cir. 1992). Additionally, whether or not the adverse party will be prejudiced by the stay is also a factor to consider. *County of Nassau*, 188 F.R.D. at 188; *Xerox Corp. v. 3 Comm Corp.*, 69 F.Supp. 2d 404,406 (W.D. NY 1999).

The underlying issue on which Defendant's request for stay is based is Plaintiff's appeal of the Magistrate's order transferring this matter to the District of Rhode Island.

Clearly the discovery requested is not relevant to Plaintiff's appeal, and, at any rate, it is Defendant, not Plaintiff, who is the adverse party to the appeal. Moreover, as Plaintiff has not articulated any reason why he will be prejudiced by a stay of discovery, it is apparent that a stay simply pending the resolution of the appeal issue will not prejudice his ability to litigate this action once the District Court makes a ruling.

Further, Defendant is not seeking to eliminate discovery or deny it altogether. Rather Defendant is simply seeking a stay of the discovery process pending resolution of Plaintiff's appeal. Federal Rule of Civil Procedure 26(c) allows a court to stay all or part of the discovery process. The Court is authorized to make any order that justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Third Circuit Court of Appeals has also recognized that 'good cause' under Rule 26(c) only requires a showing of a "particular need for protection." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000).

Defendant has provided a good cause basis for staying discovery. As stated in Defendant's motion to transfer and recognized in the Magistrate's Order of May 17, 2006, the majority of the information sought by Plaintiff is located in Rhode Island and not readily available in this district; as such, any attempt at answering Plaintiff's discovery in this jurisdiction at this time (considering that the matter may very well be transferred to the District Court of Rhode Island) will be unduly burdensome on Defendant. Moreover, it is not necessary for Defendant to monetize the unduly

burdensome nature of the injury to prove it existence. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Of importance to note is the fact that Plaintiff filed his discovery requests in the District of the Virgin Islands after the Court granted Defendant's motion to transfer to the District of Rhode Island, and before Plaintiff filed his notice of appeal. As such, the discovery requests on which Plaintiff contends were improperly served and noticed in this District. The grant of Plaintiff's request for stay pending resolution of the appeal is also of notable importance. As explained by BLACK'S LAW DICTIONARY, 8th ED., a *stay* is "the postponement or halting of a proceeding, judgment or the like." It is inherently duplicitous for Plaintiff to request and be granted a stay only to proceed with litigation.

Unlike the Defendants *Berrios, et al. v. HOVENSA, LLC, et al,* Order dated July 11, 2006, Defendant herein did not refuse to answer discovery by stating that it was going to file a motion to stay. Defendant filed its motion to stay discovery before said discovery responses were due and well before Plaintiff requested to meet and confer regarding this issue. Given the facts and circumstances of this case, Defendant's request for stay of discovery should be granted and any potential objections that Defendant may have to said discovery requests should not be considered waived.

**Defendant's Dispute Resolution Attempts:** On June 28, 2006, Defendant responded to Plaintiff's June 26, 2006 letter regarding allegedly overdue discovery

responses. See, **Exhibit "A".** The parties held a Rule 37.1 conference on July 11, 2006, and in response to Plaintiff's letter regarding the results of that conference, Defendant clarified its position in letter dated July 12, 2006. See, **Exhibit "B"**.

Lee J. Rohn, Esquire
Attorney for Plaintiff

Chetema Lucas Francis, Esquire
Attorney for Defendants
7/28/06