**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS | ) | CIVIL NO. 2005/0164 |
| | ) | |
| Plaintiff, | ) | ACTION FOR DAMAGES |
| vs. | ) | |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S APPEAL OF MAGISTRATE'S ORDER DATED DECEMBER 4, 2007

Defendant The Hertz Corporation (hereinafter "Hertz Corp."), by and through undersigned counsel, hereby requests a stay of the discovery process pending resolution of Defendant's appeal of the Magistrate's December 4, 2007 Order which granted Plaintiff's motion to compel discovery. In support of this requests, Defendant states as follows:

Federal Rule of Civil Procedure 26(c) allows a court to stay all or part of the discovery process. However, the Court is not limited to the type of orders specified in Rule 26(c). The Court is authorized to make any order that justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Therefore, courts can fashion an order to fit the specific needs of a case. The United States Supreme Court has recognized that courts have the inherent power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Similarly, the Third Circuit Court of Appeals has acknowledged that a decision to stay a case is within the discretion of the court. *Cost Bros., Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir. 1985). The Third Circuit Court of Appeals has also recognized that 'good cause' under Rule 26(c) only requires a showing of a "particular need for protection." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). **Most importantly for this**

**circumstance, the Third Circuit Court of Appeals has recognized that "only if the court should deny the motion to transfer should discovery be permitted to go forward."** *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970).

Determination of whether to stay discovery should be made on a case by case basis with consideration as to the type of motion on which the stay is requested, if the requested discovery is or is not likely to produce the facts needed by the adverse party to withstand the motion and whether the underlying motion is a challenge as a matter of law or to the sufficiency of the allegations. *Tilley v. U.S.*, 270 F.Supp 2d 731, 734 (M.D.N.C. 2003); *Laundry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) *cert denied.*, 498 U.S. 859 (1990); *U.S. v. County of Nassau*, 188 F.R.D. 187, 188 (E.D. NY 1999); *Nolan v. U.S. Dept. of Justice*, 970 F.2d 843, 849 (10th Cir. 1992). *County of Nassau*, 188 F.R.D. at 188; *Xerox Corp. v. 3 Comm Corp.*, 69 F.Supp. 2d 404, 406 (W.D. NY 1999).

In this instance Defendant's motion to stay discovery is based on its appeal of the Magistrate's Order dated December 4, 2007 which is clearly contrary to the law established by the Third Circuit Court of Appeals, under whose appellate jurisdiction this Court sits. Accordingly, the discovery in this case should be stayed.

Respectfully Submitted,
LAW OFFICES OF DOUGLAS L. CAPDEVILLE, P.C.

DATED: December 18, 2007 /s/ Chetema Lucas Francis

CHETEMA LUCAS FRANCIS, ESQ.
V.I. Bar No.: 854
2107 Company St. - Lot #4
P.O. Box 224191
St. Croix, USVI 00822
Tel: (340) 773-7275
clucas@capdevillelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY that I cause on this 18th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Lee Rohn, Esq at lee@rohnlaw.com

s/ Chetema Lucas Francis