**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DAVID KENDRICKS,<br>Plaintiff,<br>v.<br>THE HERTZ CORPORATION,<br>Defendant. | CIVIL NO. 2005/164 F/C<br>**ACTION FOR DAMAGES**<br>JURY TRIAL DEMANDED |

**MOTION FOR SANCTIONS AGAINST DEFENDANT HERTZ**

**COMES NOW,** Plaintiff by and through his undersigned counsel and requests sanctions against Defendant Hertz for its failure to provide Plaintiff with responses to interrogatories and Demand for Production of Documents.

Plaintiff filed the Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant to Provide Responses to Discovery on August 2, 2006. On December 4, 2007 this Court ordered Defendant to produce Responses to Interrogatories and Demand for Production within twenty (20) days. See **Exhibit 1**. To date, Plaintiff has not received Defendant's Responses to Interrogatories and Demand for Production nor has the Defendant requested an extension to produce the same. This Court has the authority to impose these sanctions, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b). Federal Rule of Civil Procedure 16 provides, in part:

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . or fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto are just . . . the judge shall require the party or attorney representing the party or both to pay the reasonable expenses

**LAW OFFICES OF**
**Rohn &**
**Cameron, LLC**
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

> incurred because of any noncompliance . . . *unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.*

*Barkouras v. Hecker,* Civil Action No.: 06-366(AET), 2007 U.S. Dist. LEXIS 17220, at **9-10 (D.N.J. Mar. 12, 2007) (citing, Fed. R. Civ. P. 16(f) (emphasis added). Rule 16(f) mandates that parties must obey all scheduling and other pretrial orders. *Id.* at *10. Therefore, the court may impose a sanction on a party for failure to comply with any scheduling or pretrial order. *Id.* The court's decision to sanction a party for failure to comply constitutes exercise of its discretion. *Id.* (citing, *Vineland Constr. Co. v. Universa-Rundle Corp.,* 1996 U.S. Dist. LEXIS 22386, at *11 (D.N.J. 1996).

In addition, Rule 37(b) provides various sanctions for failure to comply with an order including the payment of reasonable fees and attorney's expenses by the non-compliant party or counsel for that party. *Id.* at *11 (citing, Fed. R. Civ. P 37(b)(2)). The court is expected to impose an appropriate sanction that meets the circumstances of the case. *Id.* (citing, *Vineland,* 1996 U.S. Dist. LEXIS 22386, at *27). Taken together, both rules provide that when a party fails to obey a court order, the court may make such orders as are just and enter the sanctions set out in Rule 37(b). *Id.* The purpose of both rules together is to punish litigants and attorneys for their noncompliance in discovery and pretrial orders. *Id.* (citing, *Resolution Trust Corp. v. Williams,* 165 F.R.D. 639 (D. Kan. 1996)). The court must keep considerations of justice in mind when imposing sanctions for these violations. *Id.*

In the instant case, considerations of justice warrant the imposition of sanctions on the Defendant, as Plaintiff has been unable to obtain Defendant's answers to

interrogatories and document requests, despite this Court's order to the Defendant to provide them. Courts have imposed similar sanctions where parties have failed to honor their discovery obligations and obey court orders. See, e.g., *Meeks v. APV Ltd.,* CIVIL ACTION NO. 00-4191, 2001 U.S. Dist. LEXIS 11501 (E.D. Pa. May 24, 2001) (imposing monetary sanctions of $300 on the Plaintiff, for reimbursement for the preparation and filing of the motion, and ordering the Plaintiff to provide his self-executing disclosure statement and answers to Defendant's interrogatories and demands for production of documents within five days of the date of the court's order or suffer dismissal of the action); see also, *Butler v. Beneficial Management Corp.,* CIVIL ACTION NO. 99-3320, 2000 U.S. Dist. LEXIS 14002, at *5 (E.D. Pa. Sept. 26, 2000) ("In the absence of any satisfactory explanation, plaintiff's persistent failure to honor her discovery obligations and the court's orders must be viewed as "a willful effort to evade and frustrate discovery.") (citation omitted).

Plaintiff also contends that the Defendant's failure to make timely objections to Plaintiff's interrogatories and requests for production within the time proscribed by the rules constitutes a waiver of any objections they might have had. *Klitsch v. General Motors Corp.,* Civil Action No. 89-6884, 1990 U.S. Dist. LEXIS 16262, at *2 (E.D. Pa. Nov. 30, 1990) (citations omitted). Federal Rule of Civil Procedure 33 provides, in relevant part, "The party upon whom the interrogatories are served shall serve a copy of the answers, and objections if any, within 30 days after service of the interrogatories . . . The court may allow a shorter or longer time."). Courts have consistently ordered that a party's objections

were waived for failure to timely object. *See* Order and Motion to Compel in *Gorden v. United Sporting Goods, Inc. and Smith & Wesson, Corp.*, Terr. Ct. StX. Civil No. 21/2001, attached as **Exhibit 2**; *see also Tittle-Wilkie v. Transportation Services of St. John, Inc.*, Terr. Ct. StX. Civil No. 216/2001, Order dated April 4, 2003, attached as **Exhibit 3**.

Waiver of the Defendant's objections is an appropriate sanction in the instant case because the Defendant, not only failed to register any objection to Plaintiffs' discovery requests within the appropriate period following the initial request, they also subsequently failed to object to Plaintiff's discovery requests *within the time period defined by this Court's October 4, 2007, order. Scaturro v. Warren & Sweat Mfg. Co.,* 160 F.R.D. 44, at *46 (M.d. Pa. 1995) (explaining that "Rule 34 does not by its terms provide that objections will be deemed waived; rather, a waiver appears to be more in the nature of a sanction for more egregious conduct") (citation omitted).

WHEREFORE, Plaintiff respectfully requests this Court sanction Defendant Hertz by ordering that Defendant pay Plaintiff $400.00 representing one (1) hour of attorney's fees for bringing this motion; that Defendant has waived all objections to the discovery; and that Defendant shall provide its responses to discovery within ten (10) days or face further sanctions of striking their affirmative defenses and deeming Plaintiff's allegations admitted. .Plaintiff also requests this Court cautions Defendant that future failure to adhere to this Court's orders may result in additional sanctions.

RESPECTFULLY SUBMITTED
LAW OFFICES OF ROHN AND CAMERON, LLC
Attorneys for Plaintiff

DATED: January 22, 2008

BY: s/ *Lee J. Rohn*
Lee J. Rohn, Esq.
VI Bar No. 52
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
Fax: (340) 773-2954

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on January 22, 2008, I electronically filed the foregoing **MOTION FOR SANCTIONS AGAINST DEFENDANT HERTZ** with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Chetema Lucas Francis, Esquire
Law Offices of Douglas Capdeville, P.C.
2107 Company Street
St. Croix, VI 00820
Attorney For: Hertz Corporation

BY: s/ *Lee J. Rohn* (lh)

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DAVID KENDRICKS,<br>Plaintiff,<br>v.<br>THE HERTZ CORPORATION,<br>Defendant. | CIVIL NO. 2005/164 F/C<br>**ACTION FOR**<br>JURY TRIAL DEMANDED |

**ORDER**

**THIS MATTER** having come before the Court on Plaintiff's Motion for Sanctions Against Defendant Hertz, and the Court having been advised in it premises, it is;

**ORDERED** that Plaintiff's Motion for Sanctions is **GRANTED**, and further;

**ORDERED** that Defendant Hertz has waived all objections to Plaintiff's written discovery

**ORDERED** that Defendant Hertz shall provide its responses to discovery within ten (10) days or face further sanctions of striking their affirmative defenses and deeming Plaintiff's allegations admitted;

**ORDERED** that Defendant Hertz pay Plaintiff $400.00 representing one (1) hour of attorney's fees for bringing this motion;

**ORDERED** that Defendant Hertz be cautioned that future failure to adhere to this Court's orders may result in additional sanctions;

**SO ORDERED** this __________ day of ______________________________ 2006.

______________________________
Magistrate Judge of the District Court

**LAW OFFICES OF**
**Rohn &**
**Cameron, LLC**
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com