**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DAVID KENDRICKS,<br>Plaintiff,<br>v.<br>THE HERTZ CORPORATION,<br>Defendant. | CIVIL NO. 2005/164 F/C<br>**ACTION FOR DAMAGES**<br>JURY TRIAL DEMANDED |

**OPPOSITION TO MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S APPEAL OF MAGISTRATE'S ORDER DATED DECEMBER 4, 2007**

**COMES NOW**, Plaintiff David Kendricks, by and through undersigned counsel, and hereby files his Opposition to Motion to Stay Discovery Pending Resolution of Defendant's Appeal of Magistrate's Order Dated December 4, 2007, improperly transferring this matter. Plaintiff contends that Defendant has not shown good cause to stay this matter and relies on the following points and authorities in support of his opposition:

Federal Rule of Civil Procedure 26(c) allows a court to stay part of or all of the discovery process for good cause shown. FED.R.CIV.P. 26(c); *see also Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 357 (E.D.N.Y. 1991); *Continental Illinois National Bank & Trust Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Like each of the Federal Rules of Civil Procedure, Rule 26(c) is to "be construed to secure the just, speedy, and inexpensive determination of every action." FED.R.CIV.P. 1; *see also Hachette*, 136 F.R.D. at 357. Rule 26(c) therefore protects against oppression or undue burden and expense. *See Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *see also Hachette*, 136

F.R.D. at 357. A bald claim that discovery may involve some inconvenience and expense does not, in and of itself, suffice to establish good cause for issuance of a protective order. *Lehnert v. Ferris Faculty Assoc. MEA-NEA*, 556 F.Supp. 316 (W.D.Mich. 1983); *see also Continental*, 130 F.R.D. at 148 (D. Kan. 1990). In addition, bare assertions that discovery should be stayed because pending motions will probably be sustained are insufficient to justify the entry of an order staying discovery. *Continental*, 130 F.R.D. at 148.

Motions to stay discovery are not favored because when discovery is delayed or prolonged, it can create case management problems which impede the court's responsibility to expedite discovery and may also cause unnecessary litigation expenses and problems. *See Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, 1993 WL 13139559 *2 (E.D.PA. March 8, 1993). In deciding whether to stay discovery pending a motion to dismiss, a court must balance the harm produced by delay against the possibility that the motion will be granted, thus eliminating the need for discovery. *See id*. (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997) (Citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).)"; *see also Continental*, 130 F.R.D. at 148 ("bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.")

In this case, the Defendant is asking for a stay of discovery pending resolution of Plaintiff's appeal of the Order, improvidently entered by the Magistrate Judge, transferring this matter. First, a transfer motion does not mandate a stay of discovery. Indeed, even where a claim is made that discovery should be stayed because the complaint is subject to dismissal, courts have determined consistently that awaiting the outcome of a motion to dismiss is not sufficient grounds to order a stay of discovery. *See Twin City Fire*, 124 F.R.D. at 653 ("[A] pending motion to dismiss is not ordinarily a situation that in and in itself would warrant a stay of discovery."); *see also People with Aids Health Group v. Burroughs Wellcome Co.*, Civil Action No. 91-0574, 1991 U.S. Dist. LEXIS 14389 (D.D.C. 1991) (where a mere assertion that a motion to dismiss will be granted was not sufficient to justify a stay of discovery). Further, "[d]isruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. …. While time may heal some disputes, in others it merely permits more opportunity for festering." *Kron Medical Corp. v. Groth*, 119 F.R.D. 636, 638 (D.N.C. 1988). Moreover, as the *Kron* Court further opined:

> This general policy disfavoring the staying of discovery applies equally to cases wherein a motion is made to transfer the case to another district pursuant to 28 U.S.C. § 1404(a). The mere filing of a motion to transfer pursuant to Section 1404(a) does not constitute grounds for staying discovery pending resolution of the motion and the Court should not grant a stay absent a solid showing of good cause.

*Id*.

Defendant is aware that the party seeking to stay discovery has the burden of

showing good cause and adequate reason for the order. Defendant, however, has failed to meet that burden, as it had failed to come forward with any cause, much less good cause why a stay of discovery should be entered in this matter on the mere pendency of an appeal. Mere pendency of an appeal of a transfer Order does not come close to showing good cause.

Finally, Defendant's reliance on *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970), is misplaced and misleading. In support of its proposition that a stay should be granted pending the transfer appeal, Defendants cite *Polin*, stating that "only if the Court should deny the motion to transfer should discovery be permitted to go forward." Defendant's Motion at p.2. Defendant's half quote of the Third Circuit's finding is less than candid, as it gives the impression that all discovery was precluded. The Court's findings state more accurately that:

> While the lower court did not decide specifically the motion to transfer, but postponed it until the **depositions relating to the merits** were resolved, this amounted to a failure to decide the transfer issue until a later stage of the case. The district court's order, therefore, should be vacated and **the motion to transfer under § 1404(a) should be considered and decided after giving both parties an opportunity to complete their discovery solely with respect to the question of transfer,** and then only if the court should deny the motion to transfer should discovery be permitted to go forward.

*Polin*, 429 F.2d 30. at 31 (emphasis added).

Of import is the fact that the Court's findings related to depositions only and not to written discovery, as written discovery generally precedes depositions into the merits of the case. It is also pertinent that the Court still permitted discovery with respect to the question

of transfer. Similarly, in *Gordon v. Diagnostek, Inc*., 812 F. Supp. 57, 59 (D. Pa. 1993), a later case distinguishing *Polin* and its progeny, the Court held that [t]hose cases do not prevent my granting Medco's motion to dismiss…. Concerned with fairness to the transferee court and judicial economy in general, *McDonnell Douglas* sought to bar district courts from making case-management decisions which would later bind the transferee court if indeed the case were transferred." *Id*. Granting a Motion to Compel Discovery does not bind the transferee court, since discovery will have to be answered irrespective of the content of the discovery requests. As such, moving forward with discovery does not bind the transferee court and a stay of discovery is not warranted on the mere pending of an appeal of an Order to transfer.

Accordingly, for all the foregoing reasons, Defendant's motion to stay discovery must be denied, and Plaintiff respectfully requests that this Court deny said motion to stay.

RESPECTFULLY SUBMITTED
LAW OFFICES OF ROHN AND CAMERON, LLC
Attorneys for Plaintiff

DATED: January 29, 2008

BY: s/ K. Glenda Cameron

K. Glenda Cameron, Esq.
VI Bar No. 683
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
Fax: (340) 773-2954

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on January 29, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Chetema Lucas Francis, Esquire
Law Offices of Douglas Capdeville, P.C.
2107 Company Street
St. Croix, VI 00820
Attorney For: Hertz Corporation

BY: s/ K. Glenda Cameron (tf)