**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DAVID KENDRICKS,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | CIVIL NO. 2005/164 F/C<br><br>**ACTION FOR DAMAGES**<br><br>JURY TRIAL DEMANDED |

**OPPOSITION TO APPEAL OF MAGISTRATE JUDGE'S ORDER DATED DECEMBER 4, 2007 GRANTING PLAINTIFF'S MOTION TO COMPEL**

**COMES NOW,** Plaintiff by and through undersigned counsel, and hereby files his Opposition to Appeal of Magistrate Judge's Order Dated December 4, 2007 Granting Plaintiff's Motion to Compel. In Support thereof, Plaintiff cites the following points and authorities:

**RELEVANT FACTS AND PROCEDURAL HISTORY**

On May 17, 2006, the Magistrate Judge granted the Defendant Hertz's Motion to Transfer this case to the District Court of Rhode Island. Plaintiff appealed that Order and on October 30, 2006, the District Court Judge Finch vacated the Magistrate Order finding that the Defendant had failed to support its Motion for Transfer with "documents containing facts that would tend to establish the necessary elements of a transfer . . . "See Judge Finch's Order of October 30, 2006 at p. 2. Plaintiff also propounded written discovery to Defendant. Defendant moved for a stay and the Court denied that motion. Subsequent to the Court's Order vacating the Motion to Transfer, Defendant renewed its Motion to Transfer and the Magistrate Judge granted that motion by Order dated June 26, 2007.

Plaintiff has appealed that Order. On July 28, 2006, when Defendant failed to respond to discovery, Plaintiff initiated and the parties filed a Joint Stipulation Regarding a Motion to Compel Discovery. On December 4, 2007, the Court granted that Order. Defendant now appeals that Order without the necessary showing that the Magistrate Judge's Order was erroneous or contrary to law.

## LEGAL ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule of Civil Procedure 72.1, a party may seek review of a Magistrate Judge's order by appealing to the District Court within ten days after being served with a copy of the order. *Nyfield v. V.I. Tel. Corp.*, 2002 U.S. Dist. LEXIS 1955, 2-3 (D.V.I. 2002).

Upon appeal, the District Court should "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." LRCi 72.1(b) (3); Fed. R. Civ. Proc. 72; 28 U.S.C. § 636(b) (1) (A) (non-dispositive matters may be handled by magistrate judge and reconsidered by district court); *see also Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 248-50 (3d Cir. 1998); *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 341 (3d Cir. 1987). Accordingly, the district court must review findings of fact by the high clearly erroneous standard, and, as to matters of law, the district court must give plenary review. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *see also* Rule 72(a).

In this case, the Magistrate Judge's December 4, 2007 Order was clearly not erroneous nor contrary to law, as the Magistrate Judge fully assessed the basis for

Defendant's Opposition to Plaintiff's Motion to Compel and found Defendant's basis to be unconvincing, particularly since the Court had previously denied Defendant's Motion to Stay Discovery. See Order dated October 23, 2006 denying Defendant's Motion to Stay Discovery. As Plaintiff set forth in his Opposition to that Motion to Stay Discovery, a bald claim that discovery may involve some inconvenience and expense does not, in and of itself, suffice to establish good cause for issuance of a protective order. *Lehnert v. Ferris Faculty Assoc. MEA-NEA*, 556 F.Supp. 316 (W.D.Mich. 1983); *see also Continental*, 130 F.R.D. at 148 (D. Kan. 1990). In addition, bare assertions that discovery should be stayed because pending motions will probably be sustained are insufficient to justify the entry of an order staying discovery. *Continental*, 130 F.R.D. at 148.

Plaintiff would also like to reiterate that motions to stay discovery are not favored because when discovery is delayed or prolonged, it can create case management problems which impede the court's responsibility to expedite discovery and may also cause unnecessary litigation expenses and problems. *See Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, 1993 WL 13139559 *2 (E.D.PA. March 8, 1993). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997) (Citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).)"; *see also Continental*, 130 F.R.D. at 148 ("bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.")

Furthermore, a transfer motion does not mandate a stay of discovery. Indeed, even where a claim is made that discovery should be stayed because the complaint is subject to dismissal, courts have determined consistently that awaiting the outcome of a motion to dismiss is not sufficient grounds to order a stay of discovery. *See Twin City Fire*, 124 F.R.D. at 653 ("[A] pending motion to dismiss is not ordinarily a situation that in and in itself would warrant a stay of discovery."); *see also People with Aids Health Group v. Burroughs Wellcome Co.*, Civil Action No. 91-0574, 1991 U.S. Dist. LEXIS 14389 (D.D.C. 1991) (where a mere assertion that a motion to dismiss will be granted was not sufficient to justify a stay of discovery).

In a recent case where the Court held that discovery should proceed notwithstanding a pending appeal, the Court held that discovery should go forward, as the parties would need to engage in discovery no matter what the forum. *Bratek v. Juice, LLC,* Civ. No. 04-4491, 2005 U.S. Dist. LEXIS33352 *2, (E.D. Pa., Dec. 15, 2005). In *Bratek*, the Court reasoned that "[w]hether the case proceeds to decision by way of arbitration before the Federal Arbitration Act or before a jury in this court, discovery will be of assistance to the parties in preparing for either the arbitration or the trial, and also for determining the relative strengths and weaknesses of each other's positions, which should be beneficial to settlement discussions." *Id*. This is consistent with the Magistrate Judge's findings compelling discovery in this matter. Furthermore, like the findings in *Bratek*, it is in the interest of all parties that discovery proceed, even if the Court were to rule that a transfer should be granted, because that finding would not dispose of the case, but would only

move the forum and discovery would still have to be done at that later point. Permitting discovery therefore prevents undue delay and harms neither party in the matter. "Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. …. While time may heal some disputes, in others it merely permits more opportunity for festering." *Kron Medical Corp. v. Groth*, 119 F.R.D. 636, 638 (D.N.C. 1988). Moreover, as the *Kron* Court further opined:

> This general policy disfavoring the staying of discovery applies equally to cases wherein a motion is made to transfer the case to another district pursuant to 28 U.S.C. § 1404(a). The mere filing of a motion to transfer pursuant to Section 1404(a) does not constitute grounds for staying discovery pending resolution of the motion and the Court should not grant a stay absent a solid showing of good cause.

*Id*.

Accordingly, the mere pendency of an appeal of a transfer Order does not in and of itself come close to showing good cause to grant a stay, and Defendant has not shown any other reason besides the appeal that would warrant a stay in this matter, such that the Magistrate Judge's finding could in any way be found erroneous or contrary to law.

Moreover, Defendant's characterization of the Third Circuit case of *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3rd Cir. 1970) is also inapposite. In *Polin*, the lower court deferred ruling on a motion to transfer until completion of discovery on the merits. The appellants sought a writ of mandamus to compel the district court to rule on the motion to transfer prior to the completion of discovery. The Third Circuit ruled for the appellants and

vacated the district court's order staying a decision on the motion to transfer, explaining that it was improper to postpone consideration of the transfer motion until completion of discovery. In the present case, the Magistrate Judge is not postponing consideration of the transfer motion until completion of discovery. To the contrary, the Magistrate Judge has granted the Motion to Transfer, which is now on appeal. Further, the Magistrate Judge as well as the District Court Judge have correctly held that Defendant must respond to discovery notwithstanding the pending appeal. As such, Defendant's reliance on *Polin* is misplaced.

WHEREFORE and for the foregoing reasons, Plaintiff respectfully requests that Defendant's appeal be denied, as Defendant has not shown that the Magistrate Judge's Order compelling discovery was erroneous or contrary to law.

RESPECTFULLY SUBMITTED
LAW OFFICES OF ROHN AND CAMERON, LLC
Attorneys for Plaintiff

DATED: January 29, 2008

BY: s/ K. Glenda Cameron

K. Glenda Cameron, Esq.
VI Bar No. 683
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
Fax: (340) 773-2954

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on January 29, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Chetema Lucas Francis, Esquire
Law Offices of Douglas Capdeville, P.C.
2107 Company Street
St. Croix, VI 00820
Attorney For: Hertz Corporation

BY: s/ K. Glenda Cameron (tf)