**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS | ) | CIVIL NO. 2005/0164 |
| | ) | |
| Plaintiff, | ) | ACTION FOR DAMAGES |
| vs. | ) | |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S APPEAL FROM MAGISTRATE'S ORDER DATED DECEMBER 4, 2007**

Defendant The Hertz Corporation (hereinafter "Hertz Corp."), by and through undersigned counsel, hereby replies to Plaintiff's opposition to Defendant's motion to stay discovery pending resolution of Defendant's appeal of Magistrate's Order dated December 4, 2007.

Defendant's motion to stay discovery is based on much more than bare assertions that discovery should be stayed because pending motions will most probably be sustained. Defendant's motion is based on the need to safeguard resources, conserve litigation expenses, prevent unnecessary filings and duplicative actions, and preserve judicial economy. Ongoing discovery most always results in litigation disputes, i.e. motions to compel, protective orders, etc. As these disputes must ultimately be decided by the court, numerous meetings, conferences and document filings are required; all of which result in financial expense and expenditure of judicial resources. It is for these essential reasons that Defendant seeks to stay discovery of this matter at this time.

Critical to the analysis of whether Defendant's motion to stay discovery should be granted is the premise of the pending underlying motion precipitating the request. Contrary to

Plaintiff's representation, Defendant's motion for stay is not based solely on the "pending resolution of Plaintiff's appeal of the Order, improvidently entered by the Magistrate Judge, transferring this matter." *See*, Plaintiff's Opposition to Motion to Stay, pg. 3. Rather, in actual fact, Defendant's instant motion to stay discovery is based on the pendency of Defendant's appeal of the Magistrate's Order dated December 4, 2007 granting Plaintiff's motion to compel discovery. Said appeal is based on long standing case law that a motion to transfer must be decided before a case can proceed on the merits, and that discovery should only be permitted when/if the court denies the motion to transfer. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970). "Only if the court should deny the motion to transfer should discovery be permitted to go forward." *Id* at 31.

In this instance, Defendant has filed not one but two motions to transfer; both of which this Court granted[1]. The Magistrate's June 26, 2007 Order clearly found that "the burden establishing a need to transfer has been met." *See*, **Exhibit "1",** Order dated June 26, 2007, pg. 7, J. Cannon, *Kendrick v. Hertz* . Civil No. 2005/164. Obviously, Defendant has made the requisite showing of good cause for the matter to be transferred. It is therefore more probable than not that Plaintiff's appeal will be denied and this matter will be transferred to another district. And, as the Magistrate recognized in his first, May 17, 2006, Order granting transfer of this matter, "Defendant's primary witnesses reside in or near Rhode Island, documentary and property damage evidence is located in Rhode Island, the public interest of Rhode Island in resolving property damage and product liability issues occurring in Rhode Island, and the law of Rhode Island apply to this case" are all factors that weigh in favor of transferring this

---

[1] Although Plaintiff's first appeal of the Order for Transfer was granted, the District Court permitted Defendant to re-file its motion for transfer with additional supporting documentation. Defendant's renewed motion for transfer was also granted, but Plaintiff appealed again. It is Plaintiff's second appeal of the Order for Transfer that is still pending.

matter to Rhode Island. *See,* **Exhibit "2",** Order dated May 17, 2006, pg. 4, J. Cannon, *Kendricks v. Hertz* . Civil No. 2005/164. It only stands to reason that it is best and most efficient and economical that the discovery of this matter be maintained in the District of Rhode Island. Defendant has therefore, as recognized by the Magistrate's **two** Orders granting transfer of this case, met its burden of demonstrating good cause as to why the discovery of this matter should be stayed.

The majority of the information sought by Plaintiff is located in Rhode Island and not readily available in this district; thus, any attempt at answering Plaintiff's discovery in this jurisdiction at this time (considering that the matter may very well be transferred to the District Court of Rhode Island) will be prejudicial and unduly burdensome on Defendant. It is not necessary for Defendant to monetize the unduly burdensome nature of this economic injury to prove its existence. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). As such, Plaintiff's reliance on *Kron Medical Corp. v. Groth*, 119 F.R.D. 636, 638 (D.N.C. 1988) is misplaced given the present status and circumstances of this case. As the *Groth* Court recognized, factors that support a good cause showing to stay discovery pending a motion to transfer "include, among others, the fact that the nature of the lawsuit is such that most of the controversy, evidence, and witnesses are located in the proposed transferee district and this will immediately pose discovery problems, or there may be significant discovery disputes which, therefore, will be better decided by that court." *Id* at 638, *Citing, Stolz v. Barker*, 466 F.Supp. 24, 28 (M.D.N.C.1978) (granting Defendant's motion to transfer). Defendant herein has in fact made such a showing that the controversy and all of the evidence and witnesses, regarding liability, are located in Rhode Island.

In addition, Defendant's motion to stay discovery is not premised upon a motion to dismiss or other dispositive motion. As such, the cases relied upon in Plaintiff's opposition

are not pertinent or instructive to the matter at hand because Defendant has not filed a dispositive motion, nor is the pending appeal on which Defendant's motion for stay is based a dispositive motion. *See*, *Coca-Cola Bottling Co. V. Lehigh Valley v. Grol*, 1993 WL 13139559 (E.D. Pa. 1993) (stay request based on Fed.R.Civ.P. 12(b) motion to dismiss); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D. N.C. 1988) (stay request based on Fed.R.Civ.P. 12(b) motion to dismiss); *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997) (stay request based on Fed.R.Civ.P. 12(b) motion to dismiss); *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 127 F.R.D. 652 (D. Nev. 1989) (stay request based on Fed.R.Civ.P. 12(b) motion to dismiss). As well, Plaintiff's attempt to distinguish and qualify the Court of Appeals decision in *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970) is completely without merit. The discovery that the *Polin* Court determined to be permissible in advance of a decision on the motion to transfer was limited to "**solely with respect to the question of transfer"**. *Id* at 31. (Emphasis added). As such, the *Polin* Court determined that **"only if the court should deny the motion to transfer should discovery be permitted to go forward."** *Id*. (Emphasis added). The same should hold true in the matter *sub judice*; since none of the discovery sought by Plaintiff would bear on Plaintiff's appeal of the Order granting Defendant's motion to transfer, only if the June 26, 2007 Transfer Order is reversed on appeal should the discovery of this case be permitted to go forward. Accordingly, the Magistrate's December 4, 2007 Order granting Plaintiff's motion to compel discovery is inapposite to the long standing case law of the Third Circuit Court of Appeals as the District Court of Rhode Island would be bound by the District Court of the Virgin Islands' decision regarding discovery, and would have to rely on said Virgin Islands court order when enforcing any related discovery disputes.

Furthermore, the determination of whether to stay discovery should be made on a case by case basis with consideration as to the type of motion on which the stay is requested, if the requested discovery is or is not likely to produce the facts needed by the adverse party to withstand the motion and whether the underlying motion is a challenge as a matter of law or to the sufficiency of the allegations. *Tilley v. U.S.*, 270 F.Supp 2d 731, 734 (M.D.N.C. 2003); *laundry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) *cert denied.*, 498 U.S. 859 (1990); *U.S. v. County of Nassau*, 188 F.R.D. 187, 188 (E.D. NY 1999); *Nolan v. U.S. Dept. of Justice*, 970 F.2d 843, 849 (10th Cir. 1992). Additionally, whether or not the adverse party will be prejudiced by the stay is also a factor to consider. *County of Nassau*, 188 F.R.D. at 188; *Xerox Corp. v. 3 Comm Corp.*, 69 F.Supp. 2d 404, 406 (W.D. NY 1999).

In the matter *sub judice*, as stated above, the underlying issue on which Defendant's request for stay is based is Defendant's appeal of the Magistrate's order granting Plaintiff's motion to compel discovery. Clearly the discovery requested is not relevant to Defendant's appeal or Plaintiff's opposition thereto. By the same token, although not the basis of the instant stay request, the discovery requested by Plaintiff is not relevant to Plaintiff's appeal of the order granting transfer; and, at any rate, it is Defendant, not Plaintiff, who is the adverse party to the transfer appeal. Further, Plaintiff has not articulated any reason why he will be prejudiced by a stay of discovery at this time.

Defendant Hertz Corporation again requests that the discovery of this matter be stayed until the complete resolution of Defendant's appeal from the Magistrate's December 4, 2007 Order and Plaintiff's appeal from the Magistrate's June 26, 2007 Order.

Respectfully Submitted,
LAW OFFICES OF DOUGLAS L. CAPDEVILLE, P.C.

DATED: March 3, 2008

/s/ *Chetema Lucas Francis*

CHETEMA LUCAS FRANCIS, ESQ.
V.I. Bar No.: 854
2107 Company St. - Lot #4
P.O. Box 224191
St. Croix, USVI 00822
Tel: (340) 773-7275
clucas@capdevillelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY that I cause on this 3d day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Lee Rohn, Esq at lee@rohnlaw.com

s/ Chetema Lucas Francis