**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**DAVID KENDRICKS**
**Plaintiff**

**v.** **2005-CV-0164**

**THE HERTZ CORPORATION,**

**Defendant.**

**TO: Lee J. Rohn, Esq.**
**Chetema Lucas Francis, Esq.**

## ORDER GRANTING DEFENDANT'S RENEWED MOTION TO TRANSFER DUE TO FORUM NONCONVIENS [sic]

THIS MATTER is before the Court upon Defendant The Hertz Corporation's (Hertz) Renewed Motion to Transfer Due to Forum Nonconviens [sic] (Docket No. 62). Plaintiff filed an opposition to said motion. Hertz filed a reply thereto.

In the instant case, Hertz renews its motion, which was set aside following appeal, to transfer to a more convenient forum pursuant to 28 U.S.C. § 1404(a). Hertz's original motion was granted pursuant to Magistrate's Order dated May 17, 2006. In that opinion, this Court held that the facts favoring transfer included: "the incident . . . occurred in Rhode Island, Defendant's primary witnesses reside in or near Rhode Island, documentary and property damage evidence is located in Rhode Island, the public interest of Rhode

Island in resolving . . . issues occurring in Rhode Island, and the laws of Rhode Island apply to this case." Order at 4. This Court concluded "that the balance of . . . factors strongly weighs in favor of transfer." *Id*. (citing *Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 589-90 (D.V.I. 2000)).

Plaintiff filed a subsequent appeal. In his opinion, District Court Judge Finch vacated said Magistrate Order without prejudice on October 30, 2006 (Docket No. 61). In his opinion, Judge Finch indicated that in regards to nondispositive matters, a District Court may set aside any portion of a magistrate judge's order that is contrary to law. Memorandum Opinion at 2. Judge Finch also indicated that the burden of establishing a need to transfer "rests with the defendant," and that Hertz's Motion needs to be supported by "documents containing facts that would tend to establish the necessary elements of a transfer . . . ." *Id.* at 2 (citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973)). Additionally, Judge Finch found "no evidence on the record that Defendant provided the Magistrate Judge with proper supporting documentation . . . . [T]o the extent that the [latter's] transfer order was based on unsupported facts, it was clearly erroneous." Opinion at 2. However, said ruling was made without prejudice "allowing [Defendant] the opportunity to renew its motion . . . with appropriate supporting documents as required

. . . ." *Id.* at 3 (citing *Plum Tree*, 488 F.2d 754; *AAMCO Automatic Transmission, Inc. v. Hagenbarth*, 296 F.Supp. 1142, 1144 (E.D. Pa. 1968)).

Hertz now renews its Motion to Transfer to the District of Rhode Island pursuant to § 1404(a). Hertz presents a brief including six (6) exhibits as well as a reply brief and an additional exhibit in support. Relevant exhibits include State of Rhode Island Uniform Accident Report, Hertz Vehicle Accident Report, Report from Hertz's Professional Engineer O. John Zamparo, Affidavit of Richard P. McEvily, Staff Vice President and Deputy General Counsel of Hertz, and a letter to Plaintiff's counsel advising that the vehicle involved in the accident is available for inspection at Hertz's holding facility in Rhode Island. Hertz urges this Court to grant its Renewed Motion to Transfer Due to Forum Nonconviens [sic] to the District of Rhode Island because the claim arose there and the convenience of the parties, the convenience of the witnesses, the location of the books, records and documents, the practical considerations, i.e., subpoena power and site inspections, and the substantive law of Rhode Island indicate that transfer is appropriate. Renewed Motion to Transfer at 12.

Plaintiff opposes transfer, in part, because he would not be able to meet his financial obligations associated with attending trial in Rhode Island nor would he be able to pay the travel expenses of witnesses to attend trial in said forum. Opposition to Renewed Motion

at 2. Plaintiff also states that "[t]he majority of . . . Plaintiff's witnesses . . . live on St. Croix . . . ." *Id.* at 3. Additionally, Plaintiff states Hertz's supporting documentation is inadequate, stating Hertz failed to support its motion to transfer with "discovery, affidavits, or other proof . . ." as required. *Id*. And, Plaintiff points out that the "burden is on . . . [D]efendant to show factors [that] favor a transfer." *Id.* at 5.

**DISCUSSION**

In the instant case, this Court granted Hertz's original Motion to Transfer, as mentioned above, because "the incident . . . occurred in Rhode Island, Hertz's primary witnesses reside in or near Rhode Island, documentary and property damage evidence is located in Rhode Island, the public interest of Rhode Island in resolving . . . issues occurring in Rhode Island, and the laws of Rhode Island apply to this case." Order at 4. Given that said order was vacated because "Magistrate Judge's transfer order was based on unsupported facts," Memorandum Opinion at 2, this Court now turns to whether Hertz has supported its renewed motion to transfer with the necessary documentation. Hertz urges transfer because the incident upon which this claim is centered occurred in Rhode Island, and Rhode Island "ha[s] a larger stake in the just and fair resolution of this case . . . ." Renewed Motion at 4. Hertz supports this claim with Exhibit 1, a police report completed at the time of the incident describing where and when the incident occurred and

the individuals involved. Said exhibit clearly indicates that Plaintiff was involved in a motor vehicle accident and that non-vehicle property damage occurred at the address given in Tiverton, Rhode Island. Renewed Motion at Exhibit 1. Exhibit 4, Exhibit 5, and Exhibit 6, Hertz Vehicle Accident Report, Inspection Report by Professional Engineer O. John Zamparo, and Affidavit of Richard P. McEvily respectively, as well as language from both parties' briefs support transfer on this point, as the location of the incident was Rhode Island.

Hertz also urges this Court to consider that the primary witnesses reside in or near Rhode Island. The "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Sys.*, No. 93-3107, 1993 U.S. Dist. LEXIS 12973 at *10 (E.D. Pa. Sep. 16, 1993). To provide strong support, "the moving party needs to provide . . . a list of the names and addresses of witnesses . . . the moving party plans to call, affidavits showing the materiality of the matter to which these witnesses will testify and the costs of travel for the witnesses." *Howell v. Shaw Indus.*, No. 93-2068, 1993 U.S. Dist. LEXIS 13784 at *15 (E.D. Pa. September 29, 1993)(citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 (3d Cir. 1973)). In the motion at bar, Hertz supports its motion on this point by pointing out, in its briefs, that the investigating officers are "crucial" witnesses. Memorandum at 7. Hertz's Memorandum of Law strongly suggests

that any witnesses will be from the District of Rhode Island. And, Hertz "will seek [Plaintiff's parents'] testimony," who are currently residing in Rhode Island. *Id.* Although, Hertz does not set aside a list of witnesses in affidavits as mentioned above, Hertz's mentioning of probable witnesses in its briefs makes its case for transfer a close one on this point.

Regarding documentary and property damage evidence being located in Rhode Island, given "the ease with which copies can be obtained," *Gonzalez*, 1993 U.S. Dist. LEXIS 12973 at *10, the documents' location deserves less weight, and Defendant provides nothing in its brief to suggest that said documents could not be transferred from Rhode Island to another forum. However, an examination of the accident site, should the jury request it, may only occur in Rhode Island; and, as indicated in Hertz's reply, the vehicle itself is being maintained in Rhode Island and is available for inspection there. Reply to Plaintiff's Opposition at 3. Although any documents may be copied, an examination of the accident site may not be conducted outside of Rhode Island; and, an inspection of the vehicle must occur there. This point favors transfer.

This Court also previously held that the public interest of Rhode Island in resolving issues occurring in Rhode Island and the laws of Rhode Island, which apply to this case, support transfer. Clearly Rhode Island has an interest in resolving this claim.

Additionally, Hertz suggests, in its Affidavit of Richard P. McEvily, that "[a]t no time has Hertz maintained any offices or places of business in the U.S. Virgin Islands[.]" Although a rental car agency operating under the name "Hertz" is located at St. Croix's Henry E. Rohlsen International Airport, this Court need not reach the merits of agency liability, as there is nothing to indicate that Hertz, and the forum of the Virgin Islands, are connected to Plaintiff's claim. Renewed Motion at Exhibit 6. This point favors transfer.

In the instant case, the burden establishing a need to transfer has been met. Based on said supporting documentation, a balancing of the factors favor Hertz's Renewed Motion to Transfer Due to Forum Nonconviens [sic].

Accordingly, it is now hereby **ORDERED**:

1. Hertz's Renewed Motion to Transfer Due to Forum Nonconviens [sic] (Docket No. 62) to District of Rhode Island is **GRANTED**.
2. This matter is **TRANSFERRED** to the United States District of Rhode Island, and the Clerk of Court shall forward a copy of the file in this matter to said court.

ENTER:

Dated: June 26, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE