**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DAVID KENDRICK,<br>Plaintiff,<br>v.<br>THE HERTZ CORPORATION,<br>Defendant. | 2005-CV-0164 |

TO: Lee J. Rohn, Esq.
Chetema Lucas Francis, Esq.

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER DUE TO FORUM NONCONVIENS [sic]**

THIS MATTER is before the Court upon Defendant's Motion to Transfer Due to Forum Nonconviens [sic] (Docket No. 7). Plaintiff filed an opposition to said motion, and Defendant filed a reply thereto.

Defendant seeks a transfer of venue pursuant to 28 U.S.C. § 1404(a) based upon the fact that the underlying incident occurred in Rhode Island, that Defendant maintains no offices or places of business, nor does it own, lease, or rent any real or personal property, in the U.S. Virgin Islands, and that Defendant's primary witnesses reside and are employed in or near Rhode Island. Plaintiff opposes transfer by stating that his choice of forum

MAY-17-2006 WED 11:09 AM Judge Cannon FAX NO. 3407735416 P. 01/05

should be accorded great deference and that he has several witnesses who reside in St. Croix, including his physician.

**DISCUSSION**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendant does not claim that venue is not proper in this district. Plaintiff does not argue that venue does not properly lie in the district of Rhode Island. The Court finds that because the alleged incident giving rise to the claim occurred in Rhode Island, venue is proper in Rhode Island. A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is within the broad discretion of the Court. *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997).

> Courts consider many factors when ruling on motions to transfer venue, including: plaintiff's forum preference as manifested in the original choice . . .; the defendant's preference . . .; whether the claim arose elsewhere . . .; the convenience of the parties as indicated by their relative physical and financial condition . . .; the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora . . .; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .
>
> The public interests have included: the enforceability of the judgment . . . ; practical considerations that could make the trial easy, expeditious, or inexpensive . . ..; the relative administrative difficulty in the two fora resulting from court congestion . . .; the local interest in deciding local

> controversies at home . . .; the public policies of the fora . . .; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted).

Plaintiff correctly states that Plaintiff's preference is to be given great weight. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). "However, 'plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum.'" *Lomanno v. Black*, 285 F. Supp. 2d 637, 644 (E.D.Pa. 2003) (quoting *Rowles v. Hammermill Paper Co., Inc.*, 689 F.Supp. 494, 496 (E.D.Pa.1988)).

In addition, the Court observes that the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Systems, Inc.*, No. Civ. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993) (citation omitted) (cited in *Fellner ex rel. Estate of Fellner v. Philadelphia Tobaggan Coasters, Inc.*, No. Civ. A. 05-1052, 2005 WL 2660351 at *5 (E.D. Pa. October 18, 2005) (slip op.)). Defendant's briefs make it clear that its primary witnesses reside in or near Rhode Island and, thus, are not subject to the subpoena powers of this Court. Plaintiff's witnesses', including his physician(s)', testimony relate to damages not liability. Courts in this judicial circuit have held that "the convenience of liability witnesses is of greater significance." *Colantonio v.*

*Hilton Int'l Co.*, No. Civ. A. 03-1833, 2004 WL 1810291 at *6 (E.D. Pa. August 12, 2004) (citations omitted).

The Court finds the facts relevant to opposing transfer include that Plaintiff, Plaintiff's counsel, and some of Plaintiff's witnesses reside in St. Croix.

The facts in favor of transfer include: the incident upon which this suit is based occurred in Rhode Island, Defendant's primary witnesses reside in or near Rhode Island, documentary and property damage evidence is located in Rhode Island, the public interest of Rhode Island in resolving property damage and product liability issues occurring in Rhode Island, and the laws of Rhode Island apply to this case. *See, e.g., Jackson v. Executive Airlines, Inc.*, Civ. No. 2000-121, 2001 WL 664673 at *5 (D.V.I. June 7, 2001).

In conclusion, the Court finds that the balance of all the factors strongly weighs in favor of transfer. *Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 589-90 (D.V.I. 2000).

Accordingly, it is now hereby **ORDERED:**

1. Defendant's Motion to Transfer Due to Forum Nonconviens [sic] (Docket No. 7) is **GRANTED.**

2. This matter is **TRANSFERRED** to the United States District Court of Rhode Island, and the Clerk of Court shall forward a copy of the file in this matter to said court.

ENTER:

Dated: May 17, 2006

GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE

ATTEST:

WILFREDO F. MORALES
Clerk of Court

By: ______________________________
Deputy Clerk