**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| DAVID KENDRICKS | ) | CIVIL NO. 2005/0164 |
| | ) | |
| Plaintiff, | ) | ACTION FOR DAMAGES |
| vs. | ) | |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY REFERRAL TO MEDIATION PENDING RESOLUTION OF PLAINTIFF'S APPEAL OF MAGISTRATE'S ORDER DATED JUNE 26, 2007 AND DEFENDANT'S APPEAL OF MAGISTRATE'S ORDER DATED DECEMBER 4, 2007**

Defendant The Hertz Corporation (hereinafter "Hertz Corp."), by and through undersigned counsel, hereby replies to Plaintiff's Opposition to Defendant's Motion to Stay Referral to Mediation.

Just because Plaintiff "has indicated[1] he is interested in being reasonable and settling his case" it does not mean that Plaintiff will be so interested at the time of mediation. More importantly, what Plaintiff considers to be a reasonable settlement amount may not be considered a reasonable amount by Defendant. This is especially true in this case as virtually no discovery has been conducted; and as such, the parties are not able to completely and accurately assess the facts and evidence that will bear on claims and defenses of the parties. Central to Plaintiff's damages claim are liability allegations of Defendant's negligence, defective product, defective chattel, and retaliation. *See*, Plaintiff's First Amended Complaint, Counts I-V. Thus, without the empirical, documentary and testimonial evidence that discovery

---

[1] Any such "indication" by Plaintiff has been the informal, unrecorded and passing remarks of Plaintiff's counsel. At no time has Plaintiff written Defendant a letter stating his interest in a reasonable settlement of this case or otherwise submitted a settlement demand.

would yield, it is not conceivable that the respective parties can meaningfully assess and otherwise valuate this case in the manner that will facilitate reasonable and good faith negotiation at mediation.

And, while Plaintiff is correct in stating that "there is noting to force the Defendant to accept a settlement number it does not agree with in mediation", the process of mediation, as governed by the Virgin Islands' Local Rules of Civil Procedure, will impose an economic and financial expense onto Defendant such that Defendant, unlike Plaintiff, cannot cavalierly agree to engage in the mediation process. As provided by LRCi 3.2(f)(2), 'a party is deemed to appear at a mediation conference if the following persons are physically present: (A) the party or its representative having full authority to settle without further consultation; and (B) a representative of the insurance carrier for any insured party who is not such carrier's outside counsel and who has full authority to settle without further consultation. LRCi 3.2(f)(2). As such, unlike Plaintiff as his counsel, Defendant's insurance representative would have to travel from the Northeast United States to St. Croix, U.S. Virgin Islands for the mediation, thereby incurring notable expenses for travel and lodging. In addition, Defendant's said representative would lose at least three days time (due to length of travel time) from their usual and customary job related duties to appear at the mediation, further adding to the economic and financial burden of Defendant's participation in the mediation process. Defendant therefore does not believe that mediation should be casually initiated without a full and complete assessment of the facts and evidence.

WHEREFORE Defendant Hertz Corporation requests that the Court's December 4, 2007 Order referring this case to mediation by February 29, 2008 be stayed.

Respectfully Submitted,
LAW OFFICES OF DOUGLAS L. CAPDEVILLE, P.C.

DATED: March 3, 2008, 2008

/s/ *Chetema Lucas Francis*

CHETEMA LUCAS FRANCIS, ESQ.
V.I. Bar No.: 854
2107 Company St. - Lot #4
P.O. Box 224191
St. Croix, USVI 00822
Tel: (340) 773-7275
clucas@capdevillelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY that I cause on this 3d day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Lee Rohn, Esq at lee@rohnlaw.com

s/ Chetema Lucas Francis