# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

DAVID KENDRICKS,
Plaintiff,
v.
THE HERTZ CORPORATION
Defendant.

CIVIL NO. 2005-0164

## MEMORANDUM OPINION

FINCH, J.

THIS MATTER comes before the Court on Plaintiff's Appeal from Magistrate's Order dated June 26, 2007 Transferring the Case to the District Court of Rhode Island. Plaintiff seeks an order from this Court vacating the Magistrate Judge's ruling contending that the ruling was clearly erroneous and contrary to law. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

## I. FACTUAL & PROCEDURAL BACKGROUND

On or about May 7, 2005, Plaintiff rented a 2004 Chevrolet automobile from Defendant Hertz Corporation in Boston, Massachusetts. See Pl's Complaint at ¶ 4. While driving the same vehicle in Rhode Island, Plaintiff was involved in a motor vehicle accident on May 11, 2005. Id. at ¶8. The accident occurred at approximately 1:00 am and was a single vehicle accident that consisted of Plaintiff running off the road and colliding with a mailbox. See State of Rhode Island Uniform Accident Report, attached to Def's Opp. to Pl's Appeal of Magistrate's Order Dated June 26, 2007 (Docket No. 84) as Exhibit 1. Three Rhode Island police officers

responded to the accident scene, one of whom gave Plaintiff a ride to his parent's home in Triverton, Rhode Island.

Plaintiff alleges that the vehicle he rented from Defendant was in a defective condition with a faulty rear axle. Pl's Complaint at ¶ 5. Plaintiff claims that Defendant knew or should have known of the dangerous condition of the vehicle, but failed to warn Plaintiff of the defect at the time he rented it from the agent in Massachusetts. Id. at ¶¶ 6-7. As a result of his accident, Plaintiff claims that he has suffered physical injuries, medical expenses, loss of income, mental anguish and other related injuries. Id. at ¶ 10. Plaintiff resides in the Virgin Islands and upon returning from the continental United States, he has been under the care of a local neurologist as well as physical therapists, who are treating him for his injuries. See Affidavit of Lee J. Rohn, attached to Pl's Opp. to Renewed Motion to Transfer (Docket No. 68) as Exhibit 2.

On May 17, 2006, the Magistrate Judge granted Defendant's Motion to Transfer this case to the District Court of Rhode Island. Plaintiff appealed that Order and on October 30, 2006, the Court vacated the Magistrate's Order finding that the Defendant had failed to support its Motion for Transfer with "documents containing facts that would tend to establish the necessary elements of a transfer." See Order of October 30, 2006 (Docket No. 60). Defendant filed a renewed Motion to Transfer, attaching six exhibits and an additional exhibit in its Reply. Of those exhibits, the ones that the Magistrate found relevant for its decision to transfer were: (1) the Rhode Island Uniform Accident Report; (2) Hertz Vehicle Accident Report; (3) Report from Hertz's Professional Engineer O. John Zamparo; (4) Affidavit of Richard P. McEvily, Hertz's Legal Counsel; and (5) Letter to Plaintiff's counsel advising that the vehicle was in Rhode Island. See Magistrate's Order Dated June 26, 2007 Transferring the Case to the District Court of Rhode Island at 3 (Docket No. 78).

The Magistrate Judge granted Defendant's Motion to Transfer because "the incident . . . occurred in Rhode Island, Defendant's primary witnesses reside in or near Rhode Island, documentary and property damage evidence is located in Rhode Island, the public interest of Rhode Island in resolving . . . issues occurring in Rhode Island, and the laws of Rhode Island apply to this case." See Magistrate's Order Transferring the Case to the District Court of Rhode Island at 4 (Docket No. 31). Plaintiff now appeals the Magistrate's Order transferring the case to the District Court of Rhode Island.

## II. STANDARD OF REVIEW

Magistrate Judges are allowed to issue rulings on non-dispositive pretrial matters. Fed. R. Civ. P. 72(a). A motion to transfer venue is not a dispositive motion. Brown v. Kia Motors Corp., 2007 WL 539652 at *1 n.1 (W.D. Pa. Feb. 15, 2007). Therefore, it is not subject to de novo review, but is reviewed instead under a "clear error" or "contrary to law" standard. See Kendricks v. Hertz Corp., 2006 WL 3404566 at *1 (D.V.I. Oct. 30, 2006). When a party appeals a magistrate's ruling, this Court can modify or set aside any portion of that ruling it finds to be "clearly erroneous or contrary to law." Id. A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). In addition, a Magistrate Judge's ruling is contrary to law if "the Magistrate Judge misinterpreted or misapplied the applicable law." Id. The Magistrate Judge's decisions are accorded wide discretion. National Labor Relations Board v Frazier, 966 F.2d 812, 817 (3d Cir. 1992).

## III. TRANSFER OF VENUE CONSIDERATIONS

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)); see American Tel. & Tel. v. MCI Communications Corp., 736 F. Supp. 1294, 1305 (D.N.J. 1990). The analysis under section 1404 is flexible and must be made on the unique facts of each case. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249-50 (1981); Van Dusen, 376 U.S. at 624. A determination that transfer to another jurisdiction is appropriate represents an "exercise of structured discretion by trial judges appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum rather than another." Ricoh Company, Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993) (citing Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989)).

The Third Circuit in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995) listed factors that may be considered when deciding whether or not to transfer venue. These factors include private interest factors interpreting the "convenience" language of § 1404(a) and public interest factors interpreting the "interests of justice" language. Costello v. Novartis Pharmaceuticals Corp., 2006 WL 1479800 at *1 (E.D. Pa. May 25, 2006); see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 609 (3d Cir. 1991).

The private interest factors include: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses;" and (6) "the location of books and records (limited to the extent that the files could not be produced in the alternative forum)." Jumara, 55 F.3d at 879; see Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 306 (D.N.J. 1989); Derry Finance N.V. v. Christiana Cos., 555 F. Supp. 1043, 1045 (D. Del. 1983).

The public interest factors include: (1) the choice of law, (2) the trial judge's familiarity with the applicable state law in diversity cases, (3) the local interest in deciding local controversies in the home forum, and (4) other practical considerations regarding the ease, speed, or expense of trial. See Gulf Oil Corp., 330 U.S. at 508-09; Ricoh, 817 F. Supp. at 479; see also Jumara, 55 F.3d at 879-80 (finding that court may consider additional public interest factors such as enforceability of judgment, administrative difficulty due to court congestion and public policies of the two fora).

The decision whether to transfer an action rests in the sound discretion of the trial court in "appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another." Fortay v. University of Miami, 1994 U.S. Dist. LEXIS 1865 at *26 (D.N.J. Feb. 17, 1994) (citing Lony, 886 F.2d at 632). The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests. See Lony, 886 F.2d at 632. "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (citations

and quotations omitted); see In re Charles Schwab & Co. Sec. Litig., 69 F. Supp. 2d 734, 735 (D.V.I. 1999).

## IV. PRIVATE INTEREST FACTORS

### A. The Parties' Preferences

Plaintiff argues that the Magistrate Judge's Order granting Defendant's Motion to Transfer this case to the District Court of Rhode Island failed to recognize that the primary concern in balancing the factors for a transfer is that a Plaintiff's choice of forum is paramount and should rarely be disturbed. See Pl's Appeal of Magistrate's Order dated June 26, 2007 at 1. In considering factors of private interest in determining the equities of a motion to transfer, the Court acknowledges that a plaintiff's choice of forum is generally given deference. See Shutte, 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request…."). Because Plaintiff's choice of forum "should not be lightly disturbed," the Court finds that this factor weighs against transfer.

However, Plaintiff's preference alone is not controlling. See Jurgelis v. Southern Motors Express, Inc., 169 F. Supp. 345, 346 (E.D. Pa. 1959). A plaintiff's choice of forum is "neither dispositive of the transfer analysis nor is it the only factor to be considered." AT&T, 736 F. Supp. at 1306. "The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." E.I. Du Pont de Nemours, 522 F. Supp. at 592; see Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001); Gaskins v. Nat'l Railroad Passenger Corp., 2001 WL 322518 at *1 (E.D. Pa. Feb. 21, 2001); Fidelity Leasing, Inc. v. Metavec Corp., 1999 WL 269933 at *2 (E.D. Pa. April 29, 1999); Edwards v. Texaco, Inc., 702 F. Supp. 101, 103 (E.D. Pa. 1988); Kogok v. Fields, 448 F. Supp. 197, 201 (E.D. Pa.

1978); see also Jacobs v. Cedar Mill Farms, 1999 U.S. Dist. LEXIS 21296 at *7 (D.N.J. Oct. 25, 1999) (citing National Property Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 327 (D.N.J. 1995)) (holding that plaintiff's choice of forum should be afforded less weight when "central facts of the action occurred outside the chosen forum"); Fortay, 1994 U.S. Dist. LEXIS 1865 at *28 (citing Ricoh Co., 817 F. Supp. at 481) ("plaintiff's choice of forum is accorded no special consideration when the nucleus of operative facts is outside the forum state"). The Court must balance Plaintiff's choice of forum against competing interests in this case.

**B. Whether the Claim Arose Elsewhere**

Defendant urges transfer because the incident upon which this claim is centered occurred in Rhode Island.[1] "As a general rule, the preferred forum is that which is the center of the accused activity." S.C. Johnson & Son, Inc. v. Gillette Co., 571 F. Supp. 1185, 1187-88 (Ill. 1983); see also Lamano v Black, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003) (quoting Rowles v. Hammermill Paper Co., Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988)) ("[P]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum."). Plaintiff's case is based on products liability, negligence and personal injury claims. None of the key events or omissions underlying Plaintiff's claims occurred in the forum selected. Since Plaintiff's case arose out of conduct that took place in Massachusetts and an accident that occurred in Rhode Island, this factor favors transfer.

[1] Defendant supports this claim with Exhibit 1, a police report completed at the time of the incident describing where and when the incident occurred and the individuals involved. Said exhibit clearly indicates that Plaintiff was involved in a motor vehicle accident and that non-vehicle property damage occurred at the address given in Tiverton, Rhode Island. Renewed Motion at Exhibit 1. Exhibit 4, Exhibit 5, and Exhibit 6, Hertz Vehicle Accident Report, Inspection Report by Professional Engineer O. John Zamparo, and Affidavit of Richard P. McEvily respectively, as well as language from both parties' briefs support transfer on this point, as the location of the incident was Rhode Island.

**C. Convenience of the Parties**

The proper comparison of inconveniences in this case is the burden on Defendant of litigating in St. Croix, Virgin Islands with the burden on Plaintiff of litigating in Rhode Island. Plaintiff opposes transfer, in part, because he cannot afford to go to Rhode Island for pre-trial matters or pay the travel expenses of his witnesses to attend trial in Rhode Island. See Affidavit of David Kendricks, attached to Pl's Opp. to Renewed Motion to Transfer (Docket No. 68) as Exhibit 3. "[W]here disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (citing Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 989 (E.D.N.Y. 1991)); see also Pall Corp. v. PTI Technologies, Inc., 992 F. Supp. 196, 200 (E.D.N.Y. 1998) ("The court may also consider … whether a disparity between the parties exists with respect to their relative means, such as in the case of an individual plaintiff suing a large corporation"). Although Defendants have indicated their preference to litigate in Rhode Island, as a corporate entity, they are in a better position to absorb the costs of litigating in St. Croix, Virgin Islands. Therefore, this factor weighs against transfer.

**D. Convenience of the Witnesses**

The "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." Gonzalez v. Electronic Control Sys., 1993 U.S. Dist. LEXIS 12973 at *10 (E.D. Pa. Sept. 16, 1993); see also Fortay, 1994 U.S. Dist. LEXIS 1865 at *32 (quoting Hernandez v. Graebel Lines, 761 F. Supp. 983, 988 (E.D.N.Y. 1991) ("The convenience of both party and non-party witnesses is probably considered the single most important factor in the

analysis of whether a transfer should be granted"). Plaintiff claims that more than five witnesses residing in St. Croix could be called upon to testify regarding his limitations and pain due to the accident. See Affidavit of Lee J. Rohn, attached to Pl's Opp. to Renewed Motion to Transfer as Exhibit 2. Additionally, Plaintiff's physician and physical therapist live in St. Croix, who will likely testify as to his treatment following the accident.[2] Id.

Although Plaintiff's witnesses would be inconvenienced if this action were transferred to Rhode Island, their testimony relates to damages rather than liability and courts in the Third Circuit have held that "the convenience of liability witnesses is of greater significance." Colantonio v. Hilton Int'l Co., 2004 WL 1810291 at *6 (E.D. Pa. Aug. 12, 2004). "Even where 'the overwhelming number of plaintiff's possible witnesses include medical professionals who treated plaintiff subsequent to the accident,' the case may be transferred because damage testimony would become relevant only if plaintiffs were to succeed on liability." Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 48 (E.D. Pa. 1982) (quoting Bartolacci v. Corp. of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints, 476 F. Supp. 381, 384 (E.D. Pa. 1979)); see Colantonio, 2004 WL 1819291 at *6. As the court noted in Bartolacci, "[P]laintiff's possible witnesses include medical professionals who treated plaintiff [s]ubsequent to the accident. Their testimony will be largely irrelevant to defendant's alleged liability, and will become relevant only if plaintiff is successful at trial." Bartolacci, 476 F. Supp. at 384; see Colantonio, 2004 WL 1819291 at *6; see also Schmidt, 544 F. Supp. at 48 ("[C]onsideration of

[2] The Court notes that "expert medical testimony is frequently offered by way of video depositions and often proves more cost effective and expeditious than live testimony." Bretz v. Exel Logistics, Inc., 1992 WL 212343 at *3 (E.D. Pa. Aug. 22, 1992) (citing Bolton v. Tesoro Petroleum Corp., 549 F. Supp. 1312, 1317 (E.D. Pa. 1982)). The fact that the bulk of Plaintiff's medical care occurred in St. Croix is not an obstacle to allowing this action from proceeding in Rhode Island. See Colantonio, 2004 WL 1819291 at *6. Although the Court will give some weight to the medical professional witnesses listed by the Plaintiffs, the relative weight given to these medical witnesses is diminished. Id.

witnesses' convenience depends on the number of critical witnesses and the relative weight of the issues of liability and damage.").[3]

Defendant "will seek [Plaintiff's parents'] testimony," as well as testimony from the investigating police officers, property owners, and mechanics, who all reside in or near Rhode Island.[4] See Def.'s Memo. in Support of Motion to Transfer at 7 (Docket No. 8). Defendant argues that it will be costly and unduly burdensome to have each of these witnesses present in the Virgin Islands for trial. Id. Furthermore, Defendant points out that the investigating officers are "crucial" witnesses in this case. Id.

Consideration must be given to the 100 mile reach of the subpoena power and whether or not the witnesses are employees of a party and their presence can be obtained by that party. Jackson v. Executive Airlines, Inc., 2001 U.S. Dist. LEXIS 8004 at *12 (D.V.I. June 7, 2001) (citing CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE 15 §3851 (2d ed. 1986)). Defendant urges this Court to consider that the primary witnesses reside in or near Rhode Island and, thus, are not subject to the subpoena powers of this Court. All of the witnesses to the accident scene, including three police officers and the resident whose property was damaged, are located in or

[3] The Court notes that the testimony of Plaintiff's wife, son and daughter regarding his condition before and after the accident as well as the testimony of several employees regarding his working ability before and after the accident is likely to be repetitive. As recognized in Scaramuzzo v. American Flyers Airline Corp., 260 F. Supp. 746, 749 (E.D.N.Y. 1966), "district judges must be able to see through the voluminous affidavits presented and determine, as best possible, who are the key witnesses and what witnesses will need be called, rather than merely count up the witnesses for each side." (citations and quotations omitted). More important than the actual number of witnesses identified by Plaintiff is the nature and purpose of their testimony. See Erie R.R. Co. v. Fritsch, 72 F.2d 766 (3rd Cir. 1934); Berk v. Willys-Overland Motors, Inc., 107 F. Supp. 643 (D. Del. 1952).

[4] Although Defendant does not set aside a list of names and addresses of witnesses with "affidavits showing the materiality of the matter to which these witnesses will testify and the costs of travel for the witnesses," Defendant supports its motion to transfer on this factor by mentioning, in its briefs, the probable witnesses and their respective importance. Howell v. Shaw Indus., 1993 U.S. Dist. LEXIS 13784 at *15 (E.D. Pa. Sept. 29, 1993) (citing Plum Tree, Inc. v. Stockment, 488 F.2d 754, 757 (3d Cir. 1973)).

within the subpoena power of Rhode Island. Based on the parties' submissions, the Court finds that the witness convenience factors here favor adjudication in Rhode Island rather than the Virgin Islands.

**E. Location of Books and Records**

Defendant claims that all of the books, records and documents relating to the vehicle driven by Plaintiff are located in Defendant's facilities in or near Rhode Island. See Def.'s Reply to Pl.'s Opp. to Mot. to Transfer at 5 (Docket No. 27). However, given "the ease with which copies can be obtained," the physical location of the documentary and property damage evidence deserves less weight. Gonzalez, 1993 U.S. Dist. LEXIS 12973 at *10. Defendant provides nothing in its briefs to suggest that such documents cannot be transferred from Rhode Island to another forum. See Magistrate's Order dated June 26, 2007 Transferring the Case to the District Court of Rhode Island at 6.

On the other hand, an examination of the accident site, should the jury request it, may only occur in Rhode Island. The situs of the accident is considered in determining a question of transfer under section 1404(a) when the trial is to be by jury and a view of the area may be appropriate. Cinema Amusements, Inc. v. Lowe's, Inc., 85 F. Supp. 319, 327 (D. Del. 1949); see Kasper v. Union Pac. R. Co., 97 F. Supp. 275 (E.D. Pa. 1951); Tuck v. Pennsylvania R. Co., 122 F. Supp. 527 (E.D. Pa. 1954); Cox v. Food Fair Stores, Inc., 163 F. Supp. 682 (E.D. Pa. 1958). The scene of the accident could provide facts relevant to a jury's decision, better than pictures or maps.[5] Additionally, as indicated in Defendant's brief, the vehicle itself is being maintained in

[5] The Court notes that the examination of an accident site by a jury is a rare occurrence in this day and age when photographs and video is widely available. The accident site should be favored, but only slightly. Thus, to the extent this factor is considered by the Court, the relative weight given to the accident site is minor.

Rhode Island and is available for inspection there. See Def.'s Reply to Pl.'s Opp. to Mot. to Transfer at 3. Although any documents may be copied, an examination of the accident site may not be conducted outside of Rhode Island and an inspection of the vehicle must occur there. The Court finds that this point favors transfer.

## V. PUBLIC INTEREST FACTORS

The primary public interests in this action are the choice of law to be applied and the relationship of the courts and jurors to the case. See Gulf Oil Corp., 330 U.S. at 508-09; see also Lacey v. Cessna Aircraft Co., 862 F.2d 38, 48 (3d Cir. 1988) (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988)) ("In evaluating the public interest factors the district court must consider the locus of the alleged culpable conduct….and the connection of the conduct to plaintiff's chosen forum"). In diversity cases, in which state or territorial law provides the substantive rules, there is an advantage in having it applied by federal judges who are familiar with the relevant law, and thus in trying the case in a district of the state or territory whose law is to govern. See Van Dusen v. Barrack, 376 U.S. 612, 639 (1964); Jackson v. Executive Airlines, Inc., 2001 WL 664672 at *4 (D.V.I. June 7, 2001); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, 15 § 3854 (2d ed. 1986).

As this matter is presently in the District Court of the Virgin Islands, Virgin Islands choice of law principles will determine whether Rhode Island or Virgin Islands law applies in resolving Plaintiff's substantive claims. See Klaxon Co v. Stentor Electrical Mfg. Co., 313 U.S. 487, 496-97 (1941) (holding that federal courts are required to apply conflict of law principles of forum state in a diversity case). Pursuant to 1 V.I.C. § 4, the Virgin Islands looks to the

Restatement of Laws to resolve choice of law questions. Section 146 of the Restatement (Second) Conflict of Laws provides in relevant part:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

In determining whether some other state has a "more significant relationship," a variety of factors are considered. Courts consider "the place where the injury occurred, the place where the conduct causing injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties is centered." Benjamin v. Eastern Airlines, Inc., 18 V.I. 516, 520 (D.V.I. 1981) (citing Restatement (Second) of Conflict of Laws § 145 (1971)). Only in rare cases is a jurisdiction other than that in which the conduct and injury occurred more significant. Berry v. American Airlines, Inc., 2000 U.S. Dist. LEXIS 13101 at *6 (D.V.I. Aug. 28, 2000); see Restatement (Second) Conflict of Laws § 146 cmt. c. A plaintiff's residency is insufficient to establish a "more significant relationship." Benjamin, 18 V.I. at 520; Berry, 2000 U.S. Dist. LEXIS 13101 at *7.

In Benjamin, the incident giving rise to the plaintiffs' complaint occurred in Puerto Rico, but their chosen forum was the Virgin Islands. The Benjamin court held that Puerto Rico's substantive law should apply because Puerto Rico was the place where plaintiffs were injured. Benjamin, 18 V.I. at 520. The court found that the fact that the defendant did business in the Virgin Islands was not enough to establish a significant contact. Id. Moreover, the court found that the only exclusive contact the Virgin Islands had with the action was the residency of the

plaintiffs, which was not enough to warrant the application of Virgin Islands substantive law. Id.; see Jackson, 2001 WL 664672 at *5; Berry, 2000 U.S. Dist. LEXIS 13101 at *7.

As in Benjamin, the only contact the Virgin Islands has with the instant action is the residency of Plaintiff.[6] "When the only exclusive contact the Virgin Islands has with the action is the residency of the plaintiffs, . . .this contact is not enough to warrant the application of Virgin Islands substantive law." Jackson, 2001 U.S. Dist. LEXIS 8004 at *15. Therefore, because the alleged injury occurred in Rhode Island and because the only contact the Virgin Islands has with the instant cause of action is Plaintiff's residency, the Court finds that Rhode Island law is applicable to the instant action. Accordingly, this factor weighs in favor of transferring the case to Rhode Island where the trial judge will be more knowledgeable and familiar with Rhode Island law.[7] See Berry, 2000 U.S. Dist. LEXIS 13101 at *7.

Another public interest factor for consideration in a motion to transfer is the local interests in adjudicating localized controversies and the unfairness of burdening citizens in an unrelated forum with jury duty. Gulf Oil, 330 U.S. at 509. The Court must be aware of the local interests implicated by this lawsuit in the respective districts or, more specifically, in the communities in which they sit. Ricoh, 817 F. Supp. at 486; see Klauder & Nunno Enterprises,

---

[6] Defendant insists, in its Affidavit of Richard P. McEvily, that "[a]t no time has Hertz maintained any offices or places of business in the U.S. Virgin Islands[.]" Although a rental car agency operating under the name "Hertz" is located at St. Croix's Henry E. Rohlsen International Airport, this Court need not reach the merits of agency liability, as there is nothing to indicate that the St. Croix Hertz, and the forum of the Virgin Islands, are connected to Plaintiff's claim. Def.'s Renewed Motion to Transfer at Exhibit 6; see Magistrate's Order dated June 26, 2007 Transferring the Case to the District Court of Rhode Island at 7 (Docket No. 79).

[7] Defendant did not argue that the relevant Rhode Island law is unclear or difficult for this Court to apply. As the Court previously noted, the movant bears the burden of persuasion as to all elements in bringing a motion to transfer. See Shutte, 431 F.2d at 25. Since Defendant has not come forward with any evidence regarding any difference in Rode Island law and Virgin Islands law on either the issue of negligence or products liability, the relative weight given to the choice of law in this case is diminished. While not irrelevant, the Court's consideration of the familiarity of the judge with the substantive state or territorial law will not be given great weight.

Inc. v. Hereford Assocs., Inc., 723 F. Supp. 336, 351 (E.D. Pa. 1989); see also Fortay, 1994 U.S. Dist. LEXIS 1865 at *42 (quoting Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990)) (finding that burden of jury duty should not be "imposed upon the people of a community which has no relation to the litigation"); Pain v. United Technologies Corp., 637 F.2d 775, 792 (D.C. Cir. 1980) (finding that jury duty should not be imposed, nor local dockets clogged by, cases with little relation to jurisdiction).

In considering the relationship of the respective communities to which the jurors are required to serve to the occurrences that give rise to the instant litigation, the Court finds that the citizens of Rhode Island have a larger stake in the just and fair resolution of this case. The incident occurred there and the damaged property is situated there. Because Rhode Island is the locus of the accident, Rhode Island has a strong public interest in adjudicating this dispute. See Lacey, 862 F.2d at 48; Mediterranean Golf, Inc. v. Hirsh, 783 F. Supp. 835, 849-50 (D.N.J. 1991). It does not appear that any comparable public interest exists in resolving this matter in St. Croix.[8] St. Croix jurors should not be burdened with adjudicating a matter concerning conduct which was largely localized in Massachusetts and Rhode Island. See Ricoh, 817 F. Supp. at 487. Accordingly, the Court finds that the citizens of Rhode Island have a more significant interest in resolving this matter and should shoulder the responsibility of jury duty.

[8] Plaintiff contends that the Virgin Islands have a local interest in this matter because Plaintiff is being treated for his injuries in St. Croix. See Pl.'s Opp. to Renewed Motion to Transfer at 14 (Docket No. 68). The Court notes that there is a local public interest in St. Croix due to the burden placed on the medical system here. However, the Court finds that Rhode Island has a more significant public interest in maintaining the safety of its roads, protecting its drivers and preventing defective vehicles from entering the state.

## VI. CONCLUSION

The Court finds that the factors weighing against transfer include: (1) Plaintiff's preference to litigate in St. Croix and (2) the relative inconvenience for Plaintiff to try his case in Rhode Island. The factors that weigh in favor of transfer include: (1) none of the conduct complained of occurred in Plaintiff's selected forum, (2) the primary liability witnesses reside in or near Rhode Island, (3) examination of the vehicle and the accident site may only occur in Rhode Island, (4) the laws of Rhode Island pertinent to the instant action can best be applied by a trial judge sitting in that state and (5) the citizens of Rhode Island have a stronger public interest in resolving the product liability and negligence claims in this case.

Given the foregoing considerations, the Court finds that the relevant factors favor litigating this action in the District Court of Rhode Island rather than in the Virgin Islands. Defendant has provided sufficient evidence to warrant a transfer of venue in this case.[9] Therefore, the Court finds that the Magistrate Judge's decision to transfer this matter to the District Court of Rhode Island was not clearly erroneous or contrary to law.

Although the Court acknowledges that a large measure of deference is due to Plaintiff's freedom to select his own forum, this factor has minimal value where none of the conduct complained of occurred in the forum selected by Plaintiff and the forum has little connection with the matter in controversy. See AT&T, 736 F. Supp. at 1306; E.I. Du Pont de Nemours, 522 F. Supp. at 592; Cedar Mill Farms, 1999 U.S. Dist. LEXIS 21296 at *7; Shell Oil Co., 917 F. Supp. at 327; Fortay, 1994 U.S. Dist. LEXIS 1865 at *28; Ricoh Co., 817 F. Supp. at 481; see

[9] Defendant presented a brief with several exhibits attached, as well as a reply brief and an additional exhibit in support. Relevant exhibits include State of Rhode Island Uniform Accident Report, Hertz Vehicle Accident Report, Report from Hertz's Professional Engineer O. John Zamparo, Affidavit of Richard P. McEvily, Staff Vice President and Deputy General Counsel of Hertz, and a letter to Plaintiff's counsel advising that the vehicle involved in the accident is available for inspection at Hertz's holding facility in Rhode Island.

also Paragon-Revolute Corp. v. C. F. Pease Co., 120 F. Supp. 488 , 490 (D.C. Del. 1954) ("Disturbing [the] plaintiffs' choice of forum is no longer a rarity because of § 1404(a)"). In this case, there is no controverted question of liability which depends on any event occurring in St. Croix. Both parties must rely upon evidence of events entirely removed from the Virgin Islands.

The Court concludes that the District Court of Rhode Island represents a forum better suited to expeditiously and effectively adjudicate Plaintiff's claims against Defendant. Accordingly, the Court will grant Defendant's motion to transfer the action to the District Court of Rhode Island.

**ENTERED this 18th day of August, 2008.**

/s/

**HONORABLE RAYMOND L. FINCH**
**U.S. DISTRICT JUDGE**